Clarence Richard BOSLER, Appellant,

v.

STATE of Missouri, Respondent.

No. 55717.

Supreme Court of Missouri, Division No. 1.

Feb. 8, 1971.

John A. Joyce, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial, after evidentiary hearing, of motion under Criminal Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of robbery, first degree, with a dangerous and deadly weapon, and sentence of twenty-five years' imprisonment.

On December 30, 1960, appellant, shown to have a pockmarked face, his right nostril cut away, and a flap scar on his right cheek, and another man entered a well-lighted drugstore at 3101 Arsenal Street, St. Louis, Missouri, owned and operated by Mr. and Mrs. James Rigsbey. Mrs. Rigsbey was approached by appellant with gun in hand, and he commanded her to get down on the floor while his accomplice took her money. A Mrs. Cox entered the store during commission of the robbery and she, too, was ordered to the floor. Both women viewed the robbers for about ten minutes, and identified appellant as one of their assailants from pictures, in line-ups, and at trial. Appellant did not testify; his defense was alibi.

The conviction was appealed and affirmed, along with denial of a collateral attack, in State v. Bosler, Mo., 366 S.W.2d 369. An application for habeas corpus relief was denied by the United States District Court for the Western District of Missouri. On appeal the writ was granted, Bosler v. Swenson, 8 Cir., 363 F.2d 154, affirmed Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, and issuance stayed conditioned upon vacation of judgment and reinstatement of the appeal, with counsel, in the Supreme Court of Missouri. On September 26, 1967, this court complied by setting aside the judgment affirming the conviction, appointing counsel, and reinstating the appeal. Following brief and submission, this court

again affirmed the conviction. State v. Bosler, Mo., 432 S.W.2d 237.

As grounds for relief on this collateral attack, appellant's motion asserted:

"(a) Violation of 14th Amendment, U. S. Constitution, guarantee of a 'Fair Trial' with 'Effective Assistance of Counsel.'

"(b) Violation of 14th Amendment, U. S. Constitution, guarantee of 'Equal Protection of the Law' and 'Due Process of Law.'"

An evidentiary hearing was accorded, after which the trial court denied relief and made findings of fact and conclusions of law:

"It was contended at the evidentiary hearing that the defendant was denied his constitutional right to effective representation by counsel. It is pointed out in movant's brief that the witnesses who testified in behalf of the defendant, in an attempt to establish an alibi, mentioned other persons who could have supported defendant's alibi. The mere fact that the witnesses used testified that other named persons were present does not mean the other named persons would support defendant's alibi. There is absolutely no evidence that the other persons named would support the alibi under oath. It frequently occurs that not all persons mentioned to be present, at the time the alleged crime was committed, at a place other than the place of a crime testify in a case. * * * There is no evidence in the case at bar that counsel did not make every reasonable effort to locate and bring in every available and favorable witness to the defendant.

"Movant in his brief says 'the testimony which might have been obtained from the above-named individuals would obviously have lent credence to the defendant's alibi.' There is no proof of this whatsoever. It can just as well be said insofar as the record is concerned that the testimony might have completely destroyed defendant's alibi.

"Complaint is made that defendant's counsel at the trial of the robbery case, Mr. Herbert A. Mack, should have demanded to examine the police reports to see if such facial disfigurations as possessed by defendant were mentioned in the 'eyewitness' on the spot' description. There is no showing that they were not contained in the police report. At the hearing on this motion, Mr. Joyce, the attorney who represented movant, was permitted to examine the police report, and afterwards made no statement to this Court that anything contained therein or omitted therefrom would be of any aid in the defendant's case. * * *

"Counsel's failure to object to the statement, 'We had several photographs with us of known holdup men' is not sufficient to prove inadequacy of counsel, as has already been held in State v. Bosler, 432 S.W.2d 237 (l. c. 238 [1, 2]). Mr. Mack explained why he did not object, and there is no showing his judgment should at this time be criticised.

"A reading of the transcript of the record of the trial and of the testimony at the hearing of this motion reveals that defendant was well represented by capable and experienced counsel, and that his attorney made every reasonable effort to gather and present the available evidence in his behalf.

"The Court does not believe that Mr. Mack told the defendant that he had no criminal experience."

These findings and conclusions are presumptively correct; they are not to be set aside unless clearly erroneous; they are clearly erroneous only if upon the entire record the court has a definite and firm conviction that a mistake has been made, and the burden of proving grounds for relief is on the movant. Crosswhite v. State, Mo., 426 S.W.2d 67, 70–71 [1].

Citing Coles v. Peyton, 4 Cir., 389 F.2d 224; Jones v. Cunningham, 4 Cir., 313 F.2d 347, and Powell v. State of Alabama,

287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, appellant now contends he should have relief because he has shown that his trial lawyer, Herbert A. Mack, failed to make effective pretrial investigation and preparation of his case. The thrust of his argument is threefold: that trial counsel failed to prepare to support his alibi defense; that he failed to prepare to impeach the eyewitnesses' description of their assailant; and that he failed to object to a police officer's volunteered statement that he showed photographs of "known holdup men" to the eyewitnesses.

■ With respect to the alibi, appellant concedes that counsel "apparently did some pre-trial work" because he called two witnesses in support of the alibi. His quarrel then is that those two witnesses mentioned nine other persons "who had some knowledge relevant to defendant's alibi." In this respect appellant makes other concessions: that "there could have been several reasons for failure to call any of these nine persons to testify" and that reasons for not calling them "must * * * be left to conjecture." Further, the record is devoid of any evidence to meet movant's burden of proving the benefit to him of any of such witnesses in order to demonstrate the asserted neglect and omissions charged to trial counsel.

■ The second of appellant's arguments emphasizes the obvious defects in his facial make-up to argue that if the victims had so described their assailant he would have been immediately charged with this robbery because he was in police custody from January 2 to January 7, 1961. The neglect charged is that of not preparing to cross-examine the victims sufficiently to show that they must have described a different person when they first called the police. This argument is also too speculative to be suggestive of any relief. Appellant concedes that his detention from January 2 to January 7, 1961, was with respect to other crimes, and his part in the drugstore robbery is not shown

to have been known by the officers who released him on January 7 prior to his arrest on this charge at a later time on the same day. At the hearing, the police record was made available to present counsel and, as noted by the trial court, present counsel presented nothing from the police record which would demonstrate the existence of cross-examination material with respect to identification. The evidence does show that Mr. Mack talked with several of the police officers involved even though he is now unable to recall if he talked to the on-the-scene investigator. Upon such a record, appellant has failed to meet his burden of proving his allegation of failure to prepare on matters of identification.

■ With respect to the failure to object to the officer's volunteered characterization of the photographs as those of "known holdup men," it should be noted that the matter was noticed and denied upon allegation of plain error in State v. Bosler, supra, 432 S.W.2d l. c. 238 [1, 2]. At the 27.26 hearing the only evidence came from respondent through the testimony of Mr. Mack:

"My judgment at the time was I didn't think it would hurt. It was said very, very quickly in a very, very low tone of voice. And I was shocked that the Officer would say anything like that. And I looked over to the jury, and it didn't appear that they heard it. I concluded if I made an issue out of it, I would probably make it known to those people who did not hear it and emphasize it in their mind, and I passed it up. And shortly thereafter Mr. Bosler leaned over and spoke to me because he was concerned about it, and I can understand why he was, and I advised him basically what I just said, I thought it would be best let alone."

Such testimony shows that counsel handled the problem as one of in-trial strategy, and such evidence refutes any charge of ineffective assistance of counsel on that ground in this case. United States

v. Meyer, 8 Cir., 417 F.2d 1020, 1023; State v. Caffey, Mo., 457 S.W.2d 657.

Additionally, this record shows that Mr. Mack met with his client at least six times prior to trial "looking for some witnesses for him." They discussed whether to go to trial or to plead guilty and their relationship was satisfactory. They discussed looking at the police records and their questionable admissibility but defendant made no request or demand that was not considered. "He told me that he was delighted with the way the case had gone * * * and he wanted me to represent him on a homicide charge in Jefferson County." Mr. Mack was licensed to practice law in 1953 following graduation from Washington University Law School, where he was a scholarship student and associate editor of the Law Bulletin. He had experience in civil and criminal practice in both military and state courts.

On this record, it may not be said that movant met his burden of proving his allegations of ineffective assistance of counsel. State v. Brown, Mo., 449 S.W.2d 664. Certainly it cannot be said that counsel's performance made movant's trial "a farce and a mockery of justice," Cardarella v. United States, 8 Cir., 375 F.2d 222; Lupo v. United States, 8 Cir., 435 F.2d 519, December 11, 1970; or that it "blotted out" the essence of any substantial defense. Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113.

Accordingly, the judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.