Clarence Earl KUNKEL, Appellant,

v.

STATE of Missouri, Respondent.

No. 16129.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 29, 1989.

Judith C. LaRose, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Appellant Clarence Earl Kunkel brings this appeal from an order dismissing his motion under Rule 24.035 [1] to vacate his conviction of "sodomy and rape," for which he is currently imprisoned. The meager record shows appellant "pled guilty" and was sentenced in 1984.

Appellant commenced the instant proceeding by filing a verified pro se motion to vacate in the circuit court July 6, 1988. That court dismissed the motion on the ground it was untimely filed, relying on Rule 24.035(*l*), which provides:

"... If sentence is pronounced prior to January 1, 1988, and no prior motion has been filed pursuant to Rule 27.26, a motion under this Rule 24.035 may be filed on or before June 30, 1988. Failure to file a motion on or before June 30, 1988, shall constitute a complete waiver of the right to proceed under this Rule 24.-035...."

Appellant maintains the requirement that his motion be filed on or before June 30, 1988, should be deemed satisfied inasmuch as his motion was "completed" June 27, 1988, and he timely notified officials of the Department of Corrections and Human Resources that he needed a notary public to verify the motion as required by Rule 24.-035(d). Appellant avers the prison staff did not provide him a notary until July 1, 1988, thus the delay in filing was not his fault. Appellant argues that if verification of the motion be essential, the State has an obligation to provide a notary public within its correctional facilities.

Additionally, says appellant, the time limits imposed by Rule 24.035(*l*) denied his right to due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, in that such limits are arbitrary as there is no provision for late filing in instances where the motion is untimely through no fault of the prisoner. Furthermore, declares appellant, his right to seek habeas corpus relief pursuant to Article I, § 9 of the United States Constitution and Article I, § 12 of the Missouri Constitution is denied inasmuch as failure to comply with the time limitations of Rule 24.035 is a complete waiver to pursue relief under such rule, and the rule provides the exclusive means of attacking the constitutionality of detention pursuant to a felony conviction. Lastly, according to appellant, he was denied equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 2 of the Missouri Constitution in that he is a member of a class of persons sentenced prior to January 1, 1988, and was not informed of Rule 24.-035's time limitations.

■ Appellant concedes the Supreme Court of Missouri rejected the same constitutional challenges to Rule 24.035 in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), wherein the court held that where a prisoner is sentenced prior to January 1, 1988, his failure to file a motion under Rule 24.035 on or before June 30, 1988, constitutes a complete waiver of the right to proceed thereunder. *Id.* at 694. Appellant explains, however, that as his contentions "involve meritorious questions of federal constitutional law," he raises them for the purpose of preservation in the event a federal court renders a decision contrary to *Day*.

We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2 (1945); *Gunter v. State*, 754 S.W.2d 594, 596[3] (Mo.App.1988); *State v. Dunn*, 615 S.W.2d 543, 550[15] (Mo.App.1981). Consequently, had appellant's challenges to the constitutionality of the time limitations in Rule 24.035(*l*) been preserved for our review, we would be constrained by *Day* to reject them.

Nowhere in the record, however, do we find any constitutional attack by appellant

1. Rule references are to Missouri Rules of Criminal Procedure (19th ed. 1988).

on Rule 24.035(*l*) in the circuit court. To preserve a constitutional question for appellate review a party must, among other things, raise the question at the earliest opportunity consistent with good pleading and orderly procedure, and must specify the sections of the constitution claimed to have been violated. *State v. Flynn,* 519 S.W.2d 10, 12[3] (Mo.1975); *State v. Brookshire,* 325 S.W.2d 497, 500 (Mo.1959); *Ingle v. City of Fulton,* 260 S.W.2d 666, 667[1] (Mo.1953). As none of appellant's constitutional challenges to Rule 24.035(*l*) were raised in the circuit court[2] they have not been preserved for appellate review, hence they would be unavailing even in the absence of *Day.*

As to appellant's contention that his motion should be deemed timely filed because he finished it June 27, 1988, but prison officials did not furnish him a notary public until four days later, we hold such circumstances do not excuse appellant's failure to meet the June 30, 1988, filing deadline. While there might conceivably be a situation where an unconscionable delay by prison officials in making a notary public available to an inmate for verification of a pleading could warrant relief from the prisoner's failure to file the pleading on time, no such circumstances exist here.

The order of the circuit court is affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.

---

2. The lawyer representing appellant in this appeal is not the lawyer who represented him in the circuit court.