**Terry Edward WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 71347.**

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

Rehearing Denied Dec. 12, 1989.

J. Christopher Spangler, Robert G. Russell, Frank A. Rodman, Sedalia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Chief Justice.

On May 9, 1986 the defendant pleaded guilty to three counts of Class B rape in

the Circuit Court of Clay County and was sentenced to 12 years in the penitentiary.

On December 19, 1988 he filed an application pursuant to Rule 24.035, Mo.R. Crim.P., stating that at the time of his guilty plea he was suffering from a brain tumor which made him unable to regulate or control his sexual conduct. He says, therefore, that his plea should have been "not guilty by reason of mental disease or defect" rather than "guilty," and that his guilty pleas should be set aside.

Rule 24.035(d) provides as follows:

(d) The motion to vacate shall include every ground known to the movant for vacating, setting aside or correcting the judgment or sentence. The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.

■ The circuit court dismissed the pleading as untimely because it was not filed on or before June 30, 1988, which is the special grace period for challenges to guilty pleas under Rule 24.035 by persons already sentenced at the time the rule became effective on January 1, 1988. The trial court did not test the rather unusual allegations of the petition by a hearing. Nor is there any indication that the court gave attention to the detailed record made at the time the guilty pleas were accepted.

We affirm. Rule 24.035 establishes a new remedy, unknown to the prior practice. The remedy exists only within the limits specified. It contains no authority for extension of the time limits expressly stated. *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989).

The appellant cites *Strahler v. St. Luke's Hospital,* 706 S.W.2d 7 (Mo. banc 1986), holding that the state may not constitutionally apply the two-year statute of limitations governing malpractice actions to minors. He argues that a similar principle should apply to a person who is mentally incapable of protecting his legal interests. The analogy is not without logic, but the more pertinent cases are those holding that the statute of limitations for wrongful death actions, *Bregant by Bregant v. Fink,* 724 S.W.2d 337 (Mo.App.1987) (construing RSMo § 537.100), and the probate nonclaim statute, *Clarke v. Organ,* 329 S.W.2d 670, 673 (Mo. banc 1959) (construing RSMo § 473.360), are not tolled during minority. In those proceedings, as under Rule 24.035, the period of limitation is an integral part of the statute providing the remedy.

The appellant argues that the trial court's holding amounts to a suspension of the writ of habeas corpus, in violation of Art. I, § 12 of the Missouri Constitution. This is not so. The present action is not a habeas corpus proceeding, which must be brought in a court having jurisdiction over the place of confinement or detention. Mo. R.Civ.P. 91. The argument that the judge of the sentencing court is much more capable of hearing and disposing of the appellant's claim than a judge in a different area may be a reasonable one, but the governing rules place the venue of habeas actions elsewhere. A confined person may always petition for habeas corpus. We of course express no opinion as to the possible outcome of such a proceeding, if one should be undertaken. Procedural default in remedies previously available may provide the basis for denying a petition in habeas corpus, and the petitioner, at a minimum, would have to establish that the grounds relied on were not "known to him" while proceedings under Rule 24.035 were available.[1]

■ The state argues that Rule 24.035 subsumes habeas corpus, citing *Wiglesworth v. Wyrick,* 531 S.W.2d 713 (Mo. banc 1976). That question is not before us, because habeas corpus has not been sought. It is not inappropriate to point out, however, that there were no time limitations on former Rule 27.26, and so a habeas corpus litigant would usually be called upon to

---

**1.** We reject any suggestion that we treat the appeal as an application to this Court for a writ of habeas corpus. We are not well equipped to

hear first instance applications requiring the taking of testimony.

explain why an action under Rule 27.26 would not be available. Courts are not obliged to issue extraordinary writs when other remedies are adequate.[2] Because of the time limitations of Rules 24.035 and 29.15, *Wiglesworth* is not squarely in point.

Inasmuch as habeas corpus jurisdiction springs from the constitution, it may not be eliminated by statute or rule. *State ex rel. Whitson v. Busch,* 776 S.W.2d 374 (Mo. banc 1989) (Blackmar, C.J. concurring). Rule 24.035, therefore, does not operate as an unconstitutional suspension of the writ of habeas corpus.

Because our opinion does not preclude possible resort to other remedies, we do not have to consider the equal protection (Mo. Const. art. I, § 2; U.S. Const. amend. XIV); open courts (Mo. Const. art. I, § 14), and due process (Mo. Const. art. I, § 10; U.S. Const. art. V; amend. XIV) arguments. These constitutional provisions do not require the state to provide any particular forum.

The judgment is affirmed.

ROBERTSON, RENDLEN, HIGGINS, COVINGTON, BILLINGS, JJ., and SHANGLER, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

---

**2.** *Hamilton v. Henderson,* 232 Mo.App. 1234, 117 S.W.2d 379 (1938):

It is well settled that habeas corpus is a discretionary writ, and it will not be issued when it is unnecessary to afford petitioner the relief to which he is entitled. The court may, in its discretion, refuse the writ where there is another adequate remedy. *Id.* at 1239–40, 117 S.W.2d at 383.