Jeffrey Paul SLOAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 71412.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

Rehearing Denied Dec. 12, 1989.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Movant Jeffrey Paul Sloan was convicted of first degree murder and sentenced to death. *State v. Sloan*, 756 S.W.2d 503 (Mo. banc 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1174, 103 L.Ed.2d 236 (1989). He appeals the denial of post conviction relief under *Rule 29.15*, seeking to vacate his sentence. The trial court held an evidentiary hearing, made and entered findings of fact and conclusions of law, and entered judgment adverse to movant. Affirmed.

Sloan was sentenced in 1987 and had not filed a motion to vacate under former *Rule 27.26*. *Rule 29.15(m)* permitted filing of his motion to vacate on or before June 30, 1988, and his *pro se* motion to vacate was timely filed June 24, 1988.

The trial court appointed counsel for movant Sloan on June 29, 1988, *Rule 29.15(e)*, and within the thirty day provision of *Rule 29.15(f)*, the attorney on July 27, 1988, requested additional time for filing an amended motion. The court, on July 28, 1988, entered an order extending the time for filing an amended motion to "no later than August 26, 1988." In compliance with this order, and within the time limitations permitted by *Rule 29.15(f)*, movant's verified motion to vacate was filed August 23, 1988. Movant also made a timely request for a hearing (*Rule 29.15(g)*), and the court set a hearing for September 28, 1988.

On September 26, 1988, movant filed another amended motion, not verified, attempting to add additional grounds. The hearing was conducted September 28, 1988, as scheduled. On October 28, 1988, movant filed yet another amended motion, verified, asserting further grounds. The trial court's findings, conclusion and order denying relief was entered December 19, 1988.

Effective January 1, 1988, this Court adopted *Rule 29.15*, which together with *Rule 24.035*, replaced former *Rule 27.26*. The principal reason for this action was to avoid delay and prevent the litigation of stale claims. *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989). In furtherance of that goal, and contrary to *Rule 27.26*, both *Rule 29.15* and *Rule 24.035* include time limitations for the filing of motions.

*Rule 29.15(f)* states:

Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion *for one additional period not to exceed thirty days.* Any response to the motion by the prosecutor shall be filed within ten days after the date an amended motion is required to be filed. (Emphasis added).

These limits place an increased responsibility on the *movant,* his *counsel* and the *courts* to promptly litigate claims (emphasis added). *See* Morris, *Postconviction Practice Under the "New 27.26",* 43 Journal of the Missouri Bar, 435, 439 (1987).

In *Day v. State,* 770 S.W.2d 692 (Mo. banc 1989) movant's counsel attempted to file an unverified amended motion out of time. The trial court refused permission to file. This Court affirmed, holding the time limitations found in *Rules 29.15* and *24.035* were both valid and mandatory. *Day,* 770 S.W.2d at 695.

In *White v. State,* 779 S.W.2d 571 (Mo. banc 1989), movant attempted to file a *24.035* motion more than five months after the time allowed had expired. The circuit court dismissed the motion as untimely. This Court affirmed the dismissal and stated, "*Rule 24.035* established a new remedy, unknown to the prior practice. The remedy exists only within the limits specified. It contains no authority for extension of the time limits expressly stated." *White,* at page 572.

■ The second amended motion was neither verified nor timely filed. The third amended motion, while verified, was not

timely. The trial court was without authority to give additional time beyond that provided by the rule. Thus, the grounds alleged in the second and third amended motions were time barred and procedurally waived. Consequently, the Court's review is limited to those grounds found in movant's *pro se* motion and his first amended motion.

Review of the trial court's ruling on a *29.15* claim is limited to a determination of whether the findings and conclusions are clearly erroneous. *Rule 29.15(j)*. Such findings and conclusions will be found to be clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ Movant's claims charge ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In attempting to show that trial counsel was ineffective, movant is faced with what has been termed a "heavy burden" as movant must not only prove his allegations by a preponderance of the evidence, but there is also a presumption that counsel is competent. *Sanders*, 738 S.W.2d at 857.

Movant alleges trial counsel was ineffective in that counsel failed to interview and call as a witness Rachel Sanders. Sanders stated at the evidentiary hearing that she was prepared to testify as to events told to her by movant's mother that would demonstrate abusive behavior by movant's father. The motion court determined that the trial attorney had not been provided with Sanders' name and that counsel had conducted a reasonable investigation which did not disclose Sanders as a potential witness. The court also concluded movant failed to satisfy the second prong of *Strickland*'s ineffective assistance of counsel test, as he had not demonstrated a reasonable probability that but for Sanders testimony the result of the trial would have been different.

The failure to call a witness to testify is not ineffective if counsel had no notice of the witness. *Robinson v. State*, 643 S.W.2d 8 (Mo.App.1982). The only evidence indicating that the trial attorney was given Sanders name was testimony by movant that Sanders requested to be interviewed, testimony refuted by Sanders at the evidentiary hearing. Sanders stated that she was not a friend of the family and movant's mother did not confide in her. Further, the events about which she would have testified were not closely related in time to the murder. And finally, Sanders testimony would have been subject to objection as it is hearsay that does not come within any recognized exception.

■ Movant argues his counsel was ineffective because he failed to interview Dr. Warrender and Dr. Shuman, two psychiatrists who prepared reports which concluded movant was competent. The motion court determined that counsel made a reasonable decision not to interview. The evidence shows that the attorney obtained and read the reports in question and correctly believed the two psychiatrists would not be called by the State to testify.

■ Movant further alleges ineffective assistance because the attorney allowed reports prepared by the psychiatrists to be admitted into evidence in lieu of live testimony. Defense counsel testified that he had no objection to the reports being admitted because it was his belief that the testimony of defense's expert witness would have a greater impact on the jury if the reports were allowed into evidence. Strategic choices must be given great deference and are virtually unchallengeable. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. "Judicial scrutiny of counsel's performance must be highly deferential.... Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" [citations omitted]. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. The motion court held the decision of trial counsel to not interview the doctors and permit the admission of their reports, rather than their testifying for the State, was reasonable trial strategy. This finding is not clearly erroneous.

 Movant next contends his trial counsel's penalty phase closing argument lacked a coherent theory of defense and therefore constituted ineffective assistance of counsel. Trial counsel was an experienced defense attorney. He received a license to practice law in 1970 and since that time had been in private practice, emphasizing criminal defense. The attorney had handled hundreds of felony cases, including four involving the death penalty. Further, counsel sought the assistance of other experienced litigators; had assistance at trial; and received advice from numerous sources. The motion court held that the attorney's argument was neither inflammatory nor prejudicial and that it did advance a coherent theme. Movant has failed to show the motion court to be clearly erroneous and the point is denied.

■ Finally, movant in this appeal attempts to charge his *Rule 29.15* counsel with being ineffective. This Court has long held a post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding, but is limited to the validity of movant's conviction and sentence. *Lingar v. State,* 766 S.W.2d 640, 641 (Mo. banc 1989). Such a claim is not cognizable in this proceeding.

Movant attempts to raise numerous other issues. They are: (1) the failure to object to cross-examination and argument that allegedly brought out "victim impact statements"; (2) the failure to object to testimony and argument that discussed bad character traits of the defendant; (3) the failure to object to statements in the State's penalty phase argument that allegedly included improper personalizations,

improper references to the authority of the prosecutor's office, arguments beyond the facts of the case and urging the jury to disregard mitigating circumstances or turn mitigating circumstances into aggravating circumstances. As previously noted, these grounds were not timely filed and are therefore deemed waived and procedurally barred. *Rule 29.15(b).*

Judgment affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, COVINGTON, JJ., and SHANGLER, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.