Joseph L. **DAYRINGER,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16547.**

Missouri Court of Appeals,
Southern District,
Division One.

June 13, 1990.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following trial by jury movant was convicted of first-degree murder and sentenced to life imprisonment without eligibility for probation or parole. His conviction and sentence were affirmed on appeal. *State v. Dayringer*, 755 S.W.2d 698 (Mo. App.1988).

On July 6, 1989, he filed a motion for post-conviction relief under Rule 29.15. As defendant was sentenced on July 14, 1987, he had until June 30, 1988, to file a motion under Rule 29.15(m). Finding the motion untimely the trial court denied it. Movant appeals.

Movant contends that the operation of the time limitations provided in Rule 29.-15(m) acted to deny him due process of law as guaranteed by the fifth and fourteenth amendments to the United States Constitution; denied him his rights to habeas corpus pursuant to article I, § 9 of the United States Constitution and article I, § 12 of the Missouri Constitution, and denied him equal protection of law provided by the fourteenth amendment to the United States Constitution and article I, § 2 of the Missouri Constitution.

His argument under due process of law is that he was arbitrarily denied post-conviction relief since Rule 29.15 makes no provision for late filing in cases where the motion is not filed through no fault of the movant. He claims that he was prevented from timely filing the motion through his placement in the special treatment unit of the penitentiary until February 15, 1989, and thereby had inability to research and prepare his motion "as well as not receiving necessary legal documents to prepare a postconviction motion in his case until that date". Movant's contention that he was denied equal protection of law is based on allegations that he was not informed of the strict time limitations contained in Rule 29.15 whereas defendants sentenced after January 1, 1988, are provided with an explanation and notice of the limitations.

Contentions similar to those in movant's first point, except those that relate to habeas corpus, have been decided to be without merit in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), cert. denied, *Walker v. State* (consolidated in *Day* ), —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), and *Kunkel v. State*, 775 S.W.2d 579 (Mo.App. 1989). See also *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989); *Reed v. State*, 781 S.W.2d 573 (Mo.App.1989) (failure of a trial court to notify a defendant of the time limitations of Rule 24.035 or Rule 29.15 does not override the mandatory time limitations).

*White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989), disposes of movant's habeas corpus contention. The opinion states:

"Inasmuch as habeas corpus jurisdiction springs from the constitution, it may not be eliminated by statute or rule [citing authority]. Rule 24.035, therefore, does not operate as an unconstitutional suspension of the writ of habeas corpus."

*White* is binding on this court and both Rule 24.035 and Rule 29.15 would be the same regarding the suspension of the writ of habeas corpus. Under the decisions above cited, movant's contentions have no merit.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.