**STATE of Missouri, Plaintiff–Respondent,**

v.

**John E. WILSON, Defendant–Appellant.**

**John E. WILSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 15860, 16713.

Missouri Court of Appeals, Southern District, Division One.

Aug. 16, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 7, 1990.

Application to Transfer Denied Oct. 16, 1990.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Susan L. Hogan, Columbia, for defendant-movant-appellant.

PREWITT, Judge.

Following jury trial defendant John E. Wilson was convicted of assault in the first degree and sentenced as a prior offender to twenty years' imprisonment. After he was sentenced Wilson filed a direct appeal from that conviction, and a Rule 29.15 motion. His motion was denied without an evidentiary hearing. Wilson appeals from that denial. Pursuant to Rule 29.15(l), the appeals have been consolidated.

Wilson presents three points relied on, the first relating to his direct appeal from his criminal trial. The remaining two relate to his Rule 29.15 motion. The points are discussed in the order presented. As the sufficiency of the evidence for the jury to find Wilson guilty is not challenged, the facts in evidence are not set out.

For Wilson's first point, he contends the trial court erred in submitting an instruction patterned after MAI–CR3d 302.04 because, the definition of "reasonable doubt" contained therein diminishes the meaning of proof beyond a reasonable doubt by defining it as proof that leaves jurors "firmly convinced". Wilson asserts that the instruction thus violates his rights to due process as guaranteed by the United States and Missouri Constitutions.

Although vigorously arguing this point, Wilson acknowledges in his brief that the Missouri Supreme Court has decided adverse to his contention in *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), cert. denied 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). This court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. Mo. Const. art. V, § 2; *Kunkel v. State*, 775 S.W.2d 579, 580 (Mo.App. 1989). *Antwine* holds that a criminal defendant's right of due process is not violated by this instruction. 743 S.W.2d at 62–63. See also *State v. Pendergrass*, 726 S.W.2d 831, 833–834 (Mo.App.1987). Point I is denied.

For his second point Wilson states that the court erred in denying his motion without an evidentiary hearing because it was not timely filed as the absolute filing deadline imposed by Rule 29.15 denies Wilson his right of due process under the Missouri and federal constitution. He also states that this rule provides the exclusive means to attack the constitutionality of a detention as guaranteed by the right of habeas corpus pursuant to Mo. Const. art. I, § 12. The latter statement will be addressed in considering Wilson's third point.

Wilson contended and the trial court found that because the Farmington Correctional Center did not timely honor Wilson's request for a notary to verify his motion that prevented it from being timely filed. However, the court determined that it had no authority to allow the motion to be filed after the deadlines contained in the rule.

Although the result may seem unduly harsh in this instance, as earlier noted, we must follow the last controlling decision of the Supreme Court of Missouri. Contentions similar to movant's regarding the filing deadline have been decided to be with-

out merit in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), cert. denied, *Walker v. State* (consolidated in *Day*), — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). See also *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989); *Reed v. State*, 781 S.W.2d 573 (Mo.App.1989); *Kunkel*, supra.

The statement regarding habeas corpus mentioned in Point II also relates to Wilson's third point. That point contends that the time limitations in Rule 29.15 violate the prohibition against the suspension of the writ of habeas corpus in art. I, § 12 of the Missouri Constitution. Wilson asserts that this is because by the language of that rule, failure to comply with its time limitations constitutes a complete waiver of the right to proceed and the rule provides an exclusive procedure for seeking relief for constitutional, jurisdictional, or sentencing errors.

Our supreme court has said otherwise. In *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989), the court said:

> "Inasmuch as habeas corpus jurisdiction springs from the constitution, it may not be eliminated by statute or rule [citing authority]. Rule 24.035, therefore, does not operate as an unconstitutional suspension of the writ of habeas corpus."

*White* is binding on this court. Rule 29.15 and Rule 24.035, the latter which provides for postconviction relief motions after a plea of guilty, would have the same effect regarding the writ of habeas corpus. Wilson's contentions presented here have no merit.

The judgments are affirmed.

MAUS, P.J., and CROW, J., concur.