Ret C. **HUGHES**, Movant,

v.

**STATE** of Missouri, Respondent.

No. 58137.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 2, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Nov. 7, 1990.

Application to Transfer Denied
Dec. 18, 1990.

Earlyne M. Thomas, Asst. Public Defender, St. Louis, for movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

**PER CURIAM.**

The motion court denied Rule 24.035 relief without an evidentiary hearing after finding movant's factual allegations of ineffective assistance of counsel were fully refuted by the record made at the time movant pled guilty to two counts of burglary second degree and two counts of stealing over $150, class C felonies.

Movant does not dispute a voluntary plea of guilty on the criminal charges. State does not dispute that the pleas were made in accord with an agreement that defendant would receive five year concurrent sentences. Movant contends his trial counsel was ineffective because the plea agreement was not enforced and movant was sentenced to consecutive, not concurrent sentences.

Movant's claim of error fails because the record at the time the pleas were entered conclusively refutes movant's claim. The plea agreement was for concurrent five year sentences providing movant appeared at the time scheduled for sentencing. At the time the pleas of guilty were entered both movant's counsel and the court, on the record, questioned movant about his understanding of the plea agreement. Movant acknowledged the agreement included a requirement that he be present on the scheduled day of sentencing or the concurrent recommendation would be "off" and the court "will not be bound by the recommendation." Movant failed to appear. The court sentenced movant in accord with the entire plea agreement. The greater sentence was not the result of any failure to perform by his counsel. No evidentiary hearing on the motion was required and the motion was properly denied. *Fields v. State,* 572 S.W.2d 477, 481 (Mo. banc 1978). The findings and conclusions of the motion court are supported by the record, not clearly erroneous. Our duty is to affirm the judgment. *Sloan v. State,* 779 S.W.2d 580, 582 (Mo. banc 1989).

The judgment is affirmed in accordance with Rule 84.16(b).