**Samuel D. SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 72514.**

Supreme Court of Missouri,
En Banc.

Oct. 16, 1990.

Rehearing Denied Nov. 20, 1990.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

On July 20, 1988, a jury convicted Samuel D. Smith of first degree murder, § 565.020, RSMo 1986, and sentenced him to death. This Court affirmed the conviction. *State v. Smith,* 781 S.W.2d 761 (Mo. banc 1989), vacated, —— U.S. ——, 110 S.Ct. 1944, 109 L.Ed.2d 306 *aff'd on remand,* 790 S.W.2d 241 (Mo. banc 1990). At the sentencing hearing on August 19, 1988, the trial court advised Smith of his rights under *Rule 29.15, Mo.R.Crim.P.* Smith responded that he understood that he was required to file his *pro se* motion in the circuit court within thirty days of the filing of the trial transcript in the Missouri Supreme Court. Smith's trial counsel filed a notice of appeal on August 29, 1988, and filed the transcript on appeal on October 7, 1988. On January 6, 1989, Smith filed a *pro se* motion to vacate judgment and sentence; the motion was verified on December 20, 1988. On January 6 the trial court ordered the public defender to assign counsel to represent Smith. Motion counsel entered his appearance on March 14, 1989, and filed an unverified amended motion on

May 19, 1989. The motion court conducted an evidentiary hearing on July 20, 1989, and subsequently entered findings of fact, conclusions of law, and an order denying Smith's postconviction relief.[1] Because of Smith's untimely filing of his *pro se* motion, the judgment is vacated and the cause remanded for dismissal.

*Rule 29.15* provides the exclusive procedure by which a person claiming that a conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States may seek relief in the sentencing court. *State v. Wheat,* 775 S.W.2d 155, 156–57 (Mo. banc 1989). The rule plainly provides that a motion under the rule shall be filed within thirty days after the filing of the transcript on appeal. *Rule 29.15(b).* This time limitation is mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom. Walker v. Missouri,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Smith concedes that his motion for postconviction relief was not timely filed but urges this Court to ignore the time limits clearly specified by *Rule 29.15.* Smith alleged at the conclusion of his *pro se* motion that he received the transcript on appeal on November 28, 1988, "which is the reason this 29.15 motion is just being filed."[2] Smith represents before this Court that he relied upon the Office of the State Public Defender to advise of the time for filing the *pro se* motion, and he postulates various excuses for the failure.

Smith's suggestions of ineffective assistance of counsel avoid or seek to obfuscate the issue.[3] Of sole significance is the fact that this Court's rules for postconviction relief make no allowance for excuse. *See White v. State,* 779 S.W.2d 571, 572 (Mo. banc 1989). *Rule 29.15* contains no author-

---

1. In its findings the trial court acknowledged the untimely filing but noted that the action proceeded by agreement of counsel "for the purpose of providing a record should the merits of the movant's claims become an issue at some later date and to avoid the likelihood that evidence could become unavailable during the interim."

2. Even if the transcript had been filed on November 28, rather than October 7, Smith's mo-

tion, filed January 6, 1989, would have been untimely.

3. Aware that he was not represented, Smith filed a request for appointment of postconviction counsel on the same date upon which he filed his *pro se* motion for postconviction relief. Smith claims no entitlement to postconviction counsel.

ity for extension of the time limits expressly stated. *Id.*

The judgment is vacated and remanded for dismissal.

ROBERTSON, RENDLEN, HIGGINS, BILLINGS, and HOLSTEIN, JJ., concur.

BLACKMAR, C.J., dissents in separate opinion filed.

BLACKMAR, Chief Justice, dissenting.

I dissent from the vacation and remand. I would treat the appeal papers as an application for habeas corpus in this Court. Inasmuch as the principal opinion does not reach the merits I have not undertaken a detailed examination of the motion transcript and the appellant's brief (the Attorney General being so confident that he did not brief the merits), but a preliminary screening leads me to the tentative view that the findings and conclusions of the trial court are well supported by the record and that the points raised for reversal are without merit. If we were to examine the merits and reach a similar conclusion, then we would be in a position to dispose of all issues in this case definitively, insofar as the state court system is concerned. Findings of fact disposing of the issues raised are binding on other courts, *Blair v. Armontrout*, 916 F.2d 1310 (8th Cir.1990), and points not raised in a counseled postconviction motion are procedurally barred.[1] The Court's vacation of the judgment leaves matters in limbo and necessarily portends delay.

This case differs from *Kilgore v. State*, 791 S.W.2d 393 (Mo. banc 1990), in that this trial judge, although noting the procedural defaults under Rule 29.15, nevertheless proceeded with an evidentiary hearing, in the hope that the hearing would provide a record that would be available in any further proceedings. I sincerely hope that it will serve this purpose, and that no other court would find it necessary to duplicate the hearing which has been held, but the holding of the principal opinion casts doubt on the legitimacy of the hearing by implicitly holding that the trial court should have simply dismissed the proceeding without hearing.

As the principal opinion points out, the defendant was notified at his sentencing hearing that any motion under Rule 29.15 would have to be filed within 30 days after the filing of the transcript. He of course had no control over that filing, but had to leave this to his trial counsel, who necessarily would be the target of any 29.15 motion. It appears that counsel filed the transcript on October 7, 1988, but the record does not show whether or how the defendant was notified of this filing. There is record evidence that the defendant was notified on November 28, 1988 that the appeal record had been filed. His *pro se* 29.15 motion was filed on January 6, 1989, but the verification was dated December 20, 1988. As the principal opinion points out, this filing would be out of time under any view as to when the time started running. Thus the case on its face does not present the all too common problem of late filing of post-conviction motions by counsel furnished by the state, in which our courts now impose a procedural default which is inherently flawed.[2]

But the case is still not free from doubt. The question arises as to why the motion was not filed promptly after the verification was signed. It is obvious that the movant had to depend on others to complete this filing.[3] By the Court's disposition of the case, questions will be asked in the future. There are those who are anxious to seize upon the least dereliction by counsel furnished by the state in order that the defendant's plea for his life will not go unheard. Rule 29.15 was designed to secure the expeditious disposition of criminal

---

1. *See Williams v. Armontrout*, 912 F.2d 924 (8th Cir.1990); *Gilmore v. Armontrout*, 861 F.2d 1061 (8th Cir.1988), *cert. denied* — U.S. —, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). *See also Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989).

2. *See Malone v. State*, 798 S.W.2d 149 (Mo. banc 1990) (decided today) (Blackmar, C.J. dissenting).

3. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

cases in the state system. The Court's approach makes Rule 29.15 a procedural merry-go-round.

Our holding perpetuates the holdings of recent cases, one of the most extreme examples being *State v. Wilson,* 795 S.W.2d 590 (Mo.App.1990), in which the trial court found that prison authorities had denied the defendant access to a notary public which he needed to verify his 29.15 motion. The court of appeals sympathized with the defendant, but felt bound under our decisions to deny relief because of the procedural bar. We denied transfer, thereby declining to follow the clear lead of the Supreme Court of the United States in implying an obligation to afford the prisoner the means of complying with the time requirements imposed by the rules. I submit that neither the text of the rule nor our precedents require dismissal when an employee of the state is responsible for the default.

Our Court has not always been so quick to impose procedural bars. In quite a few cases, a convicted defendant complained that counsel either had not advised him of his right of appeal, or had disregarded instructions to file a notice of appeal.[4] The Court took the eminently practical course of ordering resentencing, so as to permit the filing of a new notice of appeal, hearing oral argument, and reaching a decision on the merits (which almost always seemed to be an affirmance). This was done despite the obvious procedural bar.

In another group of cases,[5] counsel had filed a motion for new trial and notice of appeal, but then had filed no brief in this Court. The Court would then consider the points which required no preservation and those raised in the motion for new trial, and decided the case by opinion. With some prompting from the federal courts[6] this Court set aside these submissions, received briefs, heard argument, and handed down new opinions. This is so even though the time for rehearing had long passed.

So I would exercise our established habeas corpus jurisdiction to reach the merits. The principal opinion does not strike a blow for law and order. Instead, it simply spins the procedural carousel which seems to be the order of the day.

I dissent from the vacation and remand.

---

**4.** *Cf. Flowers v. State,* 618 S.W.2d 655 (Mo. banc 1981); *Morris v. State,* 603 S.W.2d 938 (Mo. banc 1980).

**5.** *See Swenson v. Bosler,* 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967), affirmed on remand,

*Bosler v. State,* 462 S.W.2d 768 (Mo.1971) (opinion by Higgins, C.).

**6.** *See,* for example, *Toliver v. Wyrick,* 469 F.Supp. 583 (W.D.Mo.1979).