STATE of Missouri, Respondent,

v.

Samuel L. TAYLOR, Appellant.

Samuel L. TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55890, 57440.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 13, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1990.

Application to Transfer Denied
Jan. 9, 1991.

Henry B. Robertson, Marc B. Fried, David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his jury convictions of forcible rape and tampering with a victim and the court imposed concurrent sentences of thirty years and five years respectively. He also appeals from the denial, without an evidentiary hearing, of his post-conviction motion pursuant to Rule 29.15 alleging ineffective assistance of counsel. We affirm.

No challenge to the sufficiency of the evidence is raised but some delineation of the facts is required. The victim was employed to furnish housekeeping services to clients of her employer. One of those clients was defendant's mother with whom defendant lived. By prearrangement with defendant's mother the victim arrived at the mother's apartment on a Saturday morning. The mother was at church and the victim was admitted to the apartment by defendant. She proceeded with cleaning the apartment. While engaged in cleaning the bathtub, her last chore, she was approached from behind by defendant. After some antagonistic discussion defendant forcibly had vaginal intercourse with the victim. Victim testified that during the discussion and defendant's attack she cried, screamed and told defendant not to do what he was doing. Following the attack, the victim went immediately to a relative's house and police were summoned. Defendant was arrested within an hour. Prior to leaving defendant's residence defendant

had threatened the victim with injury if she contacted the police.

Upon arrival at the relative's home victim was crying, screaming and exhibiting hysterics. This condition continued for two hours after she arrived at the hospital. Swabs of her vaginal and oral cavities revealed no evidence of semen or sperm. A rectal swab did reveal evidence of both. That finding was consistent with victim's testimony that defendant had withdrawn prior to ejaculation and had ejaculated on her lower back. The ejaculate was, she testified, wiped off by defendant utilizing a wash cloth in the bathroom. Semen was found on a washcloth taken from the bathroom by police and a semen stain was found on the sleeve of victim's blouse. The blouse was new and victim was wearing it for the first time. Defendant presented no evidence.

During cross-examination of an investigating police officer defendant established that the officer had questioned the occupant of the neighboring apartment—Tommy Turner. The following testimony was adduced:

"Q. Was he able to give you any information that assisted in your investigation?

"A. He advised me of what he had seen a little earlier that day." [What he had seen was the victim being admitted to the apartment by defendant.]

"Q. And was he able to advise you as to anything he heard?

"A. No ...

"Q. And he was unable to indicate that he had heard anything that was of help to you?

"A. Correct."

Defendant's mother was a witness for the state. On cross-examination defendant elicited testimony that the walls between the apartments are fairly thin, that she could hear normal conversation and television sets in the adjoining apartments, and you would hear a scream from an adjoining apartment.

Defendant's only point of substance deals with the state's closing argument.

During defendant's argument counsel stated:

"[Victim] tells us that during this incident she was crying, that she was screaming, that she was yelling for this man to stop. The other witnesses all testified that after it happened, she was making quite an outcry. But there was a next door neighbor, a man in the apartment right next to hers, Tommy Turner, and the detective who interviewed Tommy Turner told you he said he didn't hear a thing."

During the rebuttal argument by the prosecutor the following occurred:

"[Prosecutor] What's this about Tommy Turner? Where's Tommy Turner? You see Tommy Turner here? Did you hear Tommy Turner on the witness stand?

"[Defense Attorney] Your honor, I object to that. This witness was equally available to both sides, and no adverse inference can be drawn from the fact he was not located by the defense.

"The Court: Overruled.

"[Prosecutor] And endorsed by both sides and, yes, available to both sides, and he wasn't in here and he wasn't testifying, and you didn't have a chance to evaluate him. Do you think that man, whoever he might be, cared one whit what might have been happening to [victim]? He's not here for you to evaluate. We don't know what kind of a man Tommy Turner is."

Defendant contends that the court erred in allowing the state to argue an adverse inference from the defendant's failure to produce Tommy Turner as a witness. Defendant relies upon *State v. Valentine*, 587 S.W.2d 859 (Mo. banc 1979) which held it was reversible error to allow a party to comment on the failure of the other party to call a witness equally available to both parties. The state concedes that the witness was equally available but contends the argument was proper retaliation to the defense argument. We view the issue differently from the parties.

While it may be possible to view the prosecutor's argument as invoking an ad-

verse inference we do not view that as the only, or even the most reasonable, interpretation of the argument. It is to be noted that the only testimony concerning Tommy Turner's knowledge of the occurrence was hearsay. It was certainly permissible for the prosecution to call to the jury's attention that it had no basis for evaluating Turner's knowledge of the occurrence because he had not appeared before them, been subject to cross-examination, or been subject to jury evaluation for truthfulness. Had the prosecutor specifically phrased the argument in terms of hearsay there would be no question of its propriety. We conclude that the argument was addressed to the hearsay nature of the testimony concerning Turner. Nowhere in the argument does the prosecutor suggest that Turner's testimony would have been unfavorable to the defendant, which is the heart of the adverse inference argument. The prosecutor recognized the equal availability of the witness and included that in his argument. This is an indication of his understanding of the legal concept involved and indicates the argument was not intended as an invocation of an adverse inference. The thrust of the argument was the inability of the jury to evaluate Turner so as to give credence to the hearsay report of his knowledge of the occurrence. It was within the trial court's considerable discretion in controlling argument to interpret the argument as a permissible attack on the hearsay testimony concerning Turner rather than as an impermissible raising of an adverse inference. *State v. Robinson*, 641 S.W.2d 423 (Mo. banc 1982) [3]. We find no error.

We have reviewed defendant's remaining points on direct appeal and find no merit to either of them. No jurisprudential purpose would be served by a discussion of them and as to those points the judgment is affirmed pursuant to Rule 30.25(b).

The issues raised on defendant's appeal of the 29.15 motion order were not contained in the original 29.15 motion, but were raised first in his second amended motion. That second amended motion was not verified. Verification of amended mo-

tions, as well as the original motion, is a jurisdictional prerequisite for consideration of the issues raised in the respective motions. *State v. Oxford*, 791 S.W.2d 396 (Mo. banc 1990) [8]; *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989). We have no jurisdiction to consider the issues raised.

Judgment of conviction affirmed. Order dismissing Rule 29.15 motion is affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.