**Leonard Bracy OLSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16769.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 10, 1990.

Motion for Rehearing or to Transfer Denied Dec. 26, 1990.

Application to Transfer Denied Feb. 7, 1991.

---

Raymond L. Legg, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Leonard Olson appeals from the trial court's denial, without evidentiary hearing, of his Rule 29.15[1] motion seeking to vacate a judgment and sentences for rape, sodomy, and assault in the first degree by use of a dangerous instrument. The conviction was affirmed on direct appeal. *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982).

The following are the significant events:

June 29, 1988—Movant files Rule 29.15 motion pro se and a motion for appointment of counsel.

December 22, 1988—Court appoints counsel for movant.

September 14, 1989—State files motion to dismiss.

September 19, 1989—Both parties appear with counsel.

Movant's attorney requests leave to file an amended motion under Rule 29.15. The court denies the request.

December 7, 1989—Court denies movant's motion.

1. All references to rules are to Missouri Rules of

On this appeal, movant's sole point is that the trial court erred in denying his Rule 29.15 motion without an evidentiary hearing because movant's counsel in the motion proceeding was ineffective in that movant's counsel "did not attempt to timely file an amended motion on movant's behalf or to timely request an evidentiary hearing."

"Any amended [Rule 29.15] motion ... shall be filed within 30 days of the date counsel is appointed...." Rule 29.15(f). The time limitations contained in Rule 29.15 "are valid and mandatory." *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989).

Here no amended motion was filed. Movant's point seeks to challenge the effectiveness of his post-conviction counsel.

"A post-conviction proceeding authorized by the rules of this Court is directed to the validity of appellant's conviction and sentence and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding." *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. banc 1989). To similar effect see *Young v. State*, 770 S.W.2d 243, 245 (Mo. banc 1989).

In *Smith v. State*, 798 S.W.2d 152 (Mo. banc 1990), the untimeliness of a motion in a Rule 29.15 proceeding was held to bar the trial court's authority to consider the grounds contained therein. The court said:

"Smith's suggestions of ineffective assistance of counsel avoid or seek to obfuscate the issue. Of sole significance is the fact that this Court's rules for post-conviction relief make no allowance for excuse. See *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989)."

Movant's point has no merit because it is not directed to the validity of movant's conviction and sentence and is merely an improper attempt to challenge the effectiveness of his post-conviction counsel.

The judgment is affirmed.

PARRISH and SHRUM, JJ., concur.