**Marcole REED, Movant/Appellant,**

v.

**STATE of Missouri, Plaintiff/Respondent.**

No. 67203.

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before GRIMM, C.J., REINHARD, P.J., and CRAHAN, J.

### ORDER

PER CURIAM.

Movant pleaded guilty to illegal distribution/sale of a controlled substance, § 195.211, RSMo 1994. Movant was sentenced to an eight year term of imprisonment. He was delivered to the custody of the Missouri Department of Corrections on January 18, 1994. He filed a Rule 24.035 motion for post-conviction relief on June 16, 1994, which was denied as untimely.

On appeal, movant contends the mandatory time limits of Rule 24.035 violate due process, equal protection and federal habeas corpus rights. We deny movant's point. The time constraints of Rule 24.035 are constitutionally valid and are mandatory by their terms. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). The constraints do not violate the rights of due process or equal protection. *Dwyer v. State*, 781 S.W.2d 574 (Mo.App.1989). They do not constitute a suspension of the right to relief under habeas corpus. *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989).

Judgment affirmed pursuant to Rule 84.16(b)(2).

**James Brooks NEWBILL, Appellant,**

v.

**Melanie NEWBILL, Respondent.**

No. 66725.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 20, 1995.

Rehearing Denied July 24, 1995.

Janet F. Catalona, Clayton, for appellant.

William E. McCurdy, Jr., St. Louis, for respondent.

Before SMITH, P.J., and PUDLOWSKI and WHITE, JJ.

### ORDER

PER CURIAM.

Appellant, James Brooks Newbill, appeals from the trial court's order modifying the parties' decree of dissolution and awarding respondent attorneys' fees. The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and no jurisprudential purpose would be served by a written opinion. Respondent's motion to supplement the record on appeal, motion regarding mootness and motion to strike portions of appellant's reply brief are denied. The judgment is affirmed in accordance with Rule 84.16(b).