STATE of Missouri, Respondent,

v.

Richard ROBINSON, Appellant.

Richard ROBINSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66025, 68778.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1996.

Douglas R. Hoff, St. Louis, Craig Allan Johnston, Columbia, for appellant.

John Munson Morris, III, Jefferson City, for respondent.

Before CRAHAN, P.J., and CRANDALL and DOWD, JJ.

### ORDER

PER CURIAM.

Defendant appeals from judgment and sentence entered upon his conviction by a jury of kidnapping (Count I), rape (Count II), armed criminal action (Count III), first-degree assault (Count IV), kidnapping (Count V), first-degree murder (Count VI), and armed criminal action (Count VII). Defendant was sentenced to thirty years on Count I, concurrent terms of life imprisonment on Counts II, III, IV, V and VII, and life imprisonment without parole for Count VI. Defendant asserts trial court error in the admission of evidence and refusal to sever offenses. Defendant also appeals denial of his Rule 29.15 motion without an evidentiary hearing. We affirm the judgment of the trial court and remand for dismissal of Defendant's Rule 29.15 motion.

With respect to Defendant's direct appeal, we have reviewed the briefs of the parties and the record on appeal and find the claims of error are without merit. No error of law appears. An opinion reciting the detailed facts and restating the principles of law would have no jurisprudential purpose. The judgment is affirmed in accordance with Rule 30.25(b).

With respect to Defendant's appeal of denial of his Rule 29.15 motion without an evidentiary hearing, Defendant filed his record on appeal and transcript with this court on November 7, 1994. He filed his postconviction motion with the circuit clerk forty-two days later on December 19, 1994. Rule 29.15(b) provides in pertinent part that

[i]f an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within *thirty days* after the filing of the transcript in the appeal pursuant to Rule 30.04.

(emphasis added). Because Defendant's postconviction motion was filed more than thirty days after the filing of the transcript in the appeal, the motion was untimely and the motion court lacked jurisdiction to consider it. *Smith v. State,* 798 S.W.2d 152 (Mo. banc 1990). We therefore remand to the motion court for dismissal.