**STATE ex rel. Kelly LOCK, Relator,**

v.

**The Honorable William C. SEAY, Judge, Circuit Court, Wayne County, Respondent.**

No. 80125.

Supreme Court of Missouri, En Banc.

Dec. 23, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Laura M. Vogel, Asst. Attys. Gen., Jefferson City, for Relator.

James E. Bowles, Hackworth, Kime & Bowles, L.L.C., Piedmont, for Respondent.

PER CURIAM.

William E. Caudel pleaded guilty to a felony and is an inmate confined in an institution of the department of corrections. The institution is not located in Wayne County, Missouri. Nevertheless, Mr. Caudel filed a petition for writ of habeas corpus in the Circuit Court of Wayne County. Mr. Lock, the superintendent of the institution in which Mr. Caudel was incarcerated, sought to dismiss the action on the basis that the Wayne County court lacked jurisdiction over the habeas corpus proceeding. The respondent denied the motion to dismiss. Mr. Lock filed a petition for writ of mandamus or, in the alternative, prohibition in this Court, challenging the jurisdiction of the respondent. This Court issued its preliminary order in prohibition, which, as modified, is now made absolute.

Section 532.030, RSMo 1994, provides that a person held in custody on a charge of crime or misdemeanor in the first instance shall file the petition for writ of habeas corpus in the county in which the petitioner is held. "The argument that the judge of the sentencing court is much more capable of hearing and disposing of the [petitioner's] claim than a judge in a different area may be a reasonable one, but the governing rules place the venue of habeas actions elsewhere." *White v. State,* 779 S.W.2d 571, 572 (Mo. banc 1989). Venue does not exist in Wayne County. Under section 476.410, RSMo 1994, the respondent was required to transfer the case to any circuit in which the action could have been brought.

The preliminary order is made absolute except that the respondent shall transfer the case as required by section 476.410.

All concur.