David Charles FINLEY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16567.

Missouri Court of Appeals, Southern District, Division One.

May 1, 1990.

Raymond L. Legg, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., for respondent.

PREWITT, Judge.

Movant was charged with two counts of the class B felony of sodomy. He pled guilty to each charge on June 30, 1983. He was sentenced to two concurrent ten-year terms of imprisonment, execution of the sentences was suspended and he was placed on probation for five years. Movant's probation was revoked on February 27, 1987, and his sentences were ordered to be executed.

On July 5, 1988, movant filed a motion pursuant to Rule 24.035. On August 1, 1989, appellant's motion was dismissed by the trial court, without an evidentiary hearing, for being untimely filed.

Movant presents two points relied on. For his first point he contends that the trial court erred in dismissing his motion because the filing deadline imposed on Rule 24.035 denied him his right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 14 of the Missouri Constitution, because the rule makes no provision for late filing for good cause shown and Rule 24.035 provides the exclusive means to attack the constitutionality of detention as guaranteed by the right to habeas corpus pursuant to Article I, Section 12 of the Missouri Constitution.

For his second point movant contends that the time limitations imposed by Rule 24.035(b) and (1) violate the prohibition against the suspension of the writ of habeas corpus in Article I, Section 12 of the Missouri Constitution.

■ Contentions like those in movant's first point, except those that relate to habeas corpus, have been decided to have no merit in *Day v. State*, 770 S.W.2d 692 (Mo. banc 1989), cert. denied, *Walker v. Missouri*, (consolidated in *Day* ) — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), and *Kunkel v. State*, 775 S.W.2d 579 (Mo.App. 1989) (noting that this court is constitutionally bound to follow *Day* ).

■ *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989), states that:

"Inasmuch as habeas corpus jurisdiction springs from the constitution, it may not be eliminated by statute or rule. [citing authority]. Rule 24.035, therefore, does not operate as an unconstitutional suspension of the writ of habeas corpus."

This decision is also binding upon this court and disposes of the remainder of movant's first point and his second point. The points are denied.

The judgment is affirmed.

CROW, P.J., and MAUS, J., concur.

PARRISH, J., recused.