**Michael CHANDLER,**
**Plaintiff–Appellant,**

v.

**James D. PURKETT,**
**Defendant–Respondent.**

No. 17106.

Missouri Court of Appeals,
Southern District,
Division One.

March 13, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1991.

Stephen J. Harris, Columbia, for plaintiff-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PREWITT, Judge.

On February 9, 1988, appellant entered a plea of guilty to stealing in the Circuit Court of Jasper County and was sentenced to ten years' imprisonment. Appellant was incarcerated in Webster County. Appellant sought "a Writ of Habeas Corpus" by filing an "Application" in the Circuit Court of Webster County on April 17, 1990. Respondent was alleged to be the superintendent of the Ozark Correctional Center where appellant was imprisoned.

The Webster County Circuit Court found the application to be a motion for postconviction relief and that proper venue for the application was Jasper County and on May 15, 1990, transferred the case there under § 476.410, RSMo Supp.1989. Through counsel, appellant filed in the circuit court of Jasper County a "Motion to treat as motion to vacate sentence pursuant to Supreme Court Rule 24.035 or in the alternative to transfer petitioner's application for writ of habeas corpus to Webster County." The Jasper County Circuit Court treated the proceeding as being under Rule 24.035, and dismissed it as not being filed timely and as not being verified as required by that rule.

The propriety of the transfer or treating this as a proceeding under Rule 24.035 is not questioned here. Accordingly, we express no opinion on them. Appellant has one point on appeal. It states:

The motion court clearly erred by denying as untimely filed appellant's motion for postconviction relief pursuant to Missouri Supreme Court Rule 24.035 because the absolute filing deadline imposed by Rule 24.035 operated to deny appellant due process of law as guaranteed by the Fourteenth amendment to the United States Constitution and Article I, Sections 10 and 14 of the Missouri Constitution in that the absolute filing deadline arbitrarily denied appellant relief because the rule makes no provision for late filing of a postconviction relief motion for good cause shown, and Rule 24.035 provides the exclusive means for a person under detention pursuant to guilty plea judgments in Missouri to attack the constitutionality of that detention as guaranteed by the right to habeas corpus pursuant to Article I, Section 12 of the Missouri Constitution.

This point raises contentions identical to those raised and denied in *Finley v. State,* 788 S.W.2d 358 (Mo.App.1990). See also *Dayringer v. State,* 790 S.W.2d 522 (Mo. App.1990) (denying similar contention under Rule 29.15). Appellant's point has no merit.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.