**Bobby ELLISON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17362.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 5, 1991.

John A. Kosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

**338**

MAUS, Judge.

An information charged movant Bobby Ellison with the sale of methamphetamine. Section 195.020 RSMo 1986 (repealed). A separate information charged him with the sale of amphetamine. Section 195.020 RSMo 1986 (repealed). He pled guilty to each charge. Movant was sentenced to imprisonment for 15 years on each charge, to run concurrently. In this proceeding he attacks those sentences by a pro se motion under Rule 24.035. The motion court dismissed that motion without an evidentiary hearing because it was untimely filed. On appeal, movant contends the motion court erred "because the absolute filing deadline" of Rule 24.035, as applied to him, is unconstitutional.

Movant's pro se motion was filed June 4, 1990. He was delivered to the Department of Corrections on December 21, 1989. He bases his point on allegations that on January 25, 1990, he was transferred to the Greene County Jail and held there until April 5, 1990. During that period of time he says he did not have access to his legal papers.

His argument is much the same as the movant presented in *Dayringer v. State,* 790 S.W.2d 522 (Mo.App.1990). His argument is denied for the reasons set forth in *Dayringer.* The movant's failure to file a timely motion was a procedural default and the judgment of the trial court and this court rests on a state procedural bar. *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

The judgment is affirmed.

FLANIGAN, C.J., and MONTGOMERY, J., concur.