STATE of Missouri, Plaintiff–Respondent,

v.

William Scott PERKINS, Defendant–Appellant.

No. 15780.

Missouri Court of Appeals, Southern District, Division One.

June 30, 1989.

Michael Baker, Springfield, for defendant-appellant.

No appearance for plaintiff-respondent.

HOLSTEIN, Chief Judge.

Defendant William S. Perkins appeals his conviction under § 311.325 [1] which prohibits possession of any "intoxicating liquor" by a minor and declares the same to be a misdemeanor. Defendant attacks the sufficiency of the evidence to support the conviction. We reverse the trial court.

On January 8, 1988, the vehicle in which defendant was riding as a passenger was stopped for speeding by a state highway patrolman. After observing opened and unopened alcoholic beverage containers and smelling intoxicants coming from inside the car, the patrolman asked the occupants of the car if they had been drinking. The driver and each of the three passengers, including defendant, admitted to drinking. There were "probably 15 to 20 empty cans" in the floorboard of the car. Five unopened cans of beer were in the car; four in the front passenger floorboard and one in the back seat beside a passenger other than defendant. Perkins was seated in the back seat. The officer determined that defendant was the only occupant of the car who was under twenty-one years of age.

The officer testified that the defendant admitted he had two beers between St. Louis and Laclede County. He also stated that at the time the vehicle was stopped and he looked in the vehicle, defendant did not have any containers in his hands. The other three occupants of the car claimed to be the owners of the unopened cans of beer. On that evidence defendant was found guilty, sentenced to forty-eight hours in jail, and fined $300. Defendant appeals. The state filed no brief.

Among other points raised on appeal, defendant claims the evidence is insufficient to demonstrate that the beer was "intoxicating liquor" as defined by statute. Section 311.020 provides:

The term "intoxicating liquor" as used in this chapter, shall mean and include alcohol for beverage purposes, alcoholic, spirituous, vinous, fermented, malt, or other liquors, or combination of liquors, a part of which is spirituous, vinous, or fermented, and all preparations or mixtures for beverage purposes, containing in excess of three and two-tenths percent of alcohol by weight.

Beer may also be classified as nonintoxicating beer by exceeding one-half of one percent alcohol by volume and not exceeding three and two-tenths percent by weight. § 312.010.2. In either case possession by persons under twenty-one years of age is forbidden. §§ 311.325, 312.407. Defendant was charged with possession of intoxicating liquor.

We carefully examined the record and failed to find any evidence which discloses, or from which it may be inferred, that the beer consumed by defendant, or seized from the car in which defendant was a passenger, contained alcohol in excess of three and two-tenths percent by weight. There was no analysis of the beer by a chemist, there was no evidence about where or when the beer was purchased, and there was no evidence that either the defendant or others in the automobile were intoxicated in any degree. Not even the labels on the cans disclosed the alcohol content of the beer.

The absence of evidence tending to show that the beer contained alcohol in excess of three and two-tenths percent by weight requires a reversal of the conviction. *State v. Patton*, 308 S.W.2d 641, 644 (Mo. banc 1958). As was the case in *Patton*, we stop short of holding that a chemical analysis of the beer is essential to make a submissible case of possession of intoxicating liquor by a minor. Here there was no evidence at all indicating what, if any, alcohol was contained in the cans. Because the evidence was insufficient to support defendant's conviction, defendant is entitled to discharge. *State v. Basham*, 568 S.W.2d 518, 521 (Mo. banc 1978).

CROW, P.J., and GREENE, J., concur.

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.