STATE of Missouri, Respondent,

v.

Roosevelt PRICE, Jr., Appellant.

Nos. WD 50393, WD 52244.

Missouri Court of Appeals,
Western District.

Sept. 17, 1996.

**430**

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

HANNA, Presiding Judge.

The defendant, Roosevelt Price, was convicted by the court of second-degree murder, § 565.021, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994, and sentenced to concurrent terms of life imprisonment and fifteen years imprisonment, respectively. The defendant's appeal challenges the sufficiency of the evidence and the denial of his motion for post-conviction relief.

The evidence viewed in the light most favorable to the verdict is as follows. In May 1989, Tracy Rowe began dating the defendant. There was a history of animosity between the defendant and Rowe's family. In fact, Rowe's family did not approve of their relationship and made her leave the house when she became pregnant with the defendant's first child. The victim, Milford Mills, was Tracy Rowe's brother.

On the afternoon of September 10, 1993, the victim went to the fast-food restaurant where the defendant was working. An argument ensued outside the restaurant which escalated into a fistfight. Eventually, the fighting ceased and the victim apologized to the defendant. The victim then drove the defendant and Rowe back to their apartment.

Rowe then went inside the building, and the victim and the defendant began to argue again. At that point, the defendant went into his apartment, found his gun, loaded it, and returned to the victim's pick-up truck. According to the defendant, he saw the victim reach towards the glove compartment, at which point the defendant shot and killed the victim. Officer Mezzacasa of the Kansas City Police Department found the victim lying in the front seat of the pickup truck with the driver's side window shattered. No weapons were found in the truck.

The defendant testified that he shot Mills in self-defense and as a result of sudden passion. The court, sitting without a jury, found the defendant guilty. The defendant's pro se motion for post-conviction relief, pursuant to Rule 29.15, was filed, counsel was appointed and the motion was denied because it was not timely filed.

The defendant first contends that there was insufficient evidence to support his conviction because the state failed to prove beyond a reasonable doubt that the defendant did not act under the influence of sudden passion arising from adequate cause. The defendant asserts that, at most, he was guilty of the lesser included offense of voluntary manslaughter.

In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable factfinder might have found the defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). We must accept all reasonable inferences supporting the verdict, while disregarding all parts of the record contrary to the verdict. *State v. Dagley*, 793 S.W.2d 420, 423 (Mo.App.1990). We do not weigh the evidence. *State v. Villa–Perez*, 835 S.W.2d

897, 900 (Mo. banc 1992). The sufficiency of the evidence presented in a judge-tried case is determined by the same standard as in a jury-tried case. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992).

The trial court found that "the defendant did not act in self-defense as defined by our law; and *further that the defendant did not act under the influence of sudden passion arising from adequate cause.*" (emphasis added).

A person commits the crime of second-degree murder if he or she knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person. § 565.021.1(1), RSMo 1994. If the defendant's conduct would otherwise constitute conventional second-degree murder, but the act is committed under the influence of sudden passion arising from adequate cause, he would be guilty of voluntary manslaughter. § 565.023.1(1), RSMo 1994.

The distinguishing element between conventional murder in the second degree and voluntary manslaughter is whether the actor was under the influence of sudden passion arising from adequate cause. §§ 565.021.1(1), 565.023.1(1). Sudden passion is defined as "passion directly caused by and arising out of provocation by the victim which arises at the time of the offense and is not solely the result of the former provocation." § 565.002(7), RSMo 1994. Adequate cause is "cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control." § 565.002(1), RSMo 1994.

In order to show adequate cause, there must be a sudden, unexpected encounter or provocation tending to excite the passion beyond control such that it renders a person of ordinary temperament incapable of reflection, or such passion as to obscure reason. *State v. Simmons*, 751 S.W.2d 85, 91 (Mo.App.1988). Passion may be rage or anger or terror, but it must be so extreme that for the moment, the action is being directed by passion, not reason. *Id.* (quoting from R. Perkins, *Criminal Law* 66 (1969)). Further, the offense must have been done in a sudden

passion and not after there has been time for the passion to cool. *Id.* at 91. Sudden passion arising from adequate cause is a special negative defense to conventional second-degree murder. *State v. Blackman*, 875 S.W.2d 122, 131 (Mo.App.1994). It is an element of the crime and when properly introduced, it requires a finding by the jury that the defendant did not commit the murder under the influence of sudden passion to find the defendant guilty of second degree murder. *Id.* Once a defendant has properly injected the issue of sudden passion, the state bears the burden of disproving it beyond a reasonable doubt. *Simmons*, 751 S.W.2d at 92. The defendant is entitled to have the jury consider voluntary manslaughter instead of second degree murder when the defense introduces adequate evidence of the special negative defense. *State v. Merritt*, 734 S.W.2d 926, 932 (Mo.App.1987).

The defendant's argument that the evidence supported a finding of sudden passion relies principally upon the "the passion engendered by [the victim's] attack on [the defendant]" at the restaurant, in light of the history of animosity between the defendant and Rowe's family. He maintains that the passion could not have dissipated by the time the victim had driven the defendant and Rowe to their apartment.

On the record presented, there was no legal evidence injecting the mitigating factor—sudden passion arising out of adequate cause. The evidence showed that after their fight, the victim apologized to the defendant and matters calmed down to the extent that the defendant and Rowe accepted a ride home from the victim. Further, the defendant testified as follows concerning his frame of mind after the argument resumed in front of the defendant's apartment:

> He was here in front of my house, and he is sitting there threatening me again and everything. After coming down to my job and jumping on me, I walked down the hill back up to the apartment to try and get away from him, because I felt the tension escalating again, and I didn't want to end up getting into another fight.

After walking away from the victim, purportedly to get away from him, the defendant went into his apartment, got his gun, loaded and cocked it, and came back to the victim's truck. He fired when he saw the victim reach for his glove compartment. The evidence and the defendant's subsequent statement concerning his state of mind show that the defendant was not acting under sudden passion when he shot the victim.

Even assuming that he reacted to the fight at the restaurant, there were breaks in the chain of events which would have allowed a reasonable person to reflect on his actions. See *State v. Luster,* 750 S.W.2d 474, 481 (Mo.App.1988) where the defendant caught his estranged wife in bed with another man and stabbed her to death. The court held that the evidence did not inject sudden passion mitigating his crime of murder in the second degree to manslaughter. *Id.*

■ A factually similar case is *State v. Boyd,* 913 S.W.2d 838 (Mo.App.1995). Boyd and the victim got into an argument at a neighbor's house which resulted in a physical altercation. *Id.* at 841. The defendant returned to his home and the victim to his car. *Id.* The defendant approached the victim in his car and shot him twice in the stomach. *Id.* The appellate court held that this evidence did not entitle the defendant to receive a jury instruction about whether he was acting under the influence of sudden passion because he had sufficient time to cool off when he entered his apartment. *Id.* at 844. In the case before us, both the ride home from defendant's workplace and the trip to his apartment to cool off denied sudden passion. There is simply nothing in the evidence suggesting that the defendant shot the victim because of sudden provocation capable of obscuring reason or rendering his mind incapable of reflection. *State v. Hunter,* 755 S.W.2d 634, 638 (Mo.App.1988). We conclude that the issue was not injected into the evidence sufficiently to require the State to prove beyond a reasonable doubt that the defendant did not act under the influence of sudden passion arising from adequate cause. Point denied.

In his second point, the defendant argues that the motion court clearly erred in deny-ing his Rule 29.15 motion for post-conviction relief as untimely filed because the time constraints imposed by the rule violate his right to due process of law.

■ It has been repeatedly held that the time limits set forth in the rules governing postconviction motions are valid and mandatory. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992). The mandatory time limitations contained in the post-conviction rules are reasonable and "serve the legitimate end of avoiding delay in the processing of prisoners' claims and prevent the litigation of stale claims." *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

Rule 29.15(b) mandates that the post-conviction motion be filed within thirty days after the filing of the transcript of the appeal. Here, the defendant filed his *pro se* motion on August 18, 1995, which was 32 days after the filing of the transcript of his appeal. The trial court had no authority to give the defendant additional time to file his post-conviction motion beyond the time provided in the rules, regardless of the reason for the delay. *Sloan v. State,* 779 S.W.2d 580, 582 (Mo. banc 1989) *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776. Because the defendant's motion was untimely, the issues raised in the motion are procedurally waived and are barred from consideration or review, either by the motion court or by this court. *Id.* Point denied.

The judgments of conviction and denial of the defendant's Rule 29.15 motion are affirmed.

SMART and EDWIN H. SMITH, JJ., concur.