**STATE of Missouri, Respondent,**

v.

**Keith CHRIST, Appellant.**

**No. WD 54708.**

Missouri Court of Appeals,
Western District.

Sept. 15, 1998.

Mark A. Richardson, Neff & Richardson, Jefferson City, for appellant.

Elizabeth W. Kohler, Asst. Pros. Atty., Cole County, Jefferson City, for respondent.

Before ELLIS, P.J., and LOWENSTEIN and RIEDERER, JJ.

ELLIS, Presiding Judge.

Keith David Christ appeals his conviction following a bench trial in the associate division of the Circuit Court of Cole County of misdemeanor possession of intoxicating liquor by a minor, § 311.325.[1]

On February 16, 1997, Jefferson City police officers responded to a complaint of a "beer and drug party" in Room 225 of the Six Pence Inn in Jefferson City, Missouri. After knocking on the door, Officer Robert Cznova and a fellow officer received permission to enter from an individual who was exiting the room.

Upon entering, Officer Cznova noticed several people around a card table, three of whom were holding cups. A total of twenty individuals were inside room 225 and the adjoining room 226. Officer Cznova entered the adjoining room through an open doorway and found defendant Christ sitting on the bed. Officer Cznova smelled marijuana smoke and observed cups containing what he thought was beer around the room.

Having noticed the smell of alcohol on Christ, Officer Christopher Estes, who had arrived on the scene, placed him under arrest for being a minor in possession "by consumption." The police also seized a keg from Room 225.

Christ was charged by information in the Circuit Court of Cole County with the misdemeanor of possession of intoxicating liquor by a minor, § 311.325. On May 29, 1997, Christ was tried by the court and found guilty as charged. On July 27, 1997, the trial court, in sentencing Christ, fined him $150 and ordered him to attend and complete a substance abuse program. On appeal, Christ claims that the trial court erred in convicting him because the evidence was insufficient to establish his possession of "intoxicating liquor."[2]

■ In reviewing this court-tried criminal case, we view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the verdict and disregard all contrary evidence and inferences. *State v. Clemons*, 946 S.W.2d 206 (Mo. banc 1997). When reviewing a claim of insufficiency of evidence, our review is limited to whether the evidence is sufficient for a reasonable factfinder to have found defendant guilty beyond a reasonable doubt. *State v. Price*, 928 S.W.2d 429 (Mo.App. W.D.1996).

An individual under the age of 21 commits the misdemeanor of possession of intoxicating liquor when he "purchases or attempts to purchase, or has in his possession, any intoxicating liquor as defined in section 311.020." § 311.325. "Intoxicating liquor" is defined by the statute as

alcohol for beverage purposes, alcoholic, spirituous, vinous, fermented, malt, or other liquors, or combination of liquors, a part of which is spiritous, vinous, or fermented, and all preparations or mixtures for beverage purposes, containing in excess of one-half of one percent by volume except for nonintoxicating beer as defined in section 312.010, RSMo.

§ 311.020. Non-intoxicating beer has "an alcoholic content of more than one-half of one percent by volume and not exceeding three and two-tenths percent by weight." § 312.010(2). Therefore, in order to establish that Christ was in possession of "intoxicating liquor," the state was required to show that Christ was either in possession of beer in excess of three and two-tenths percent by weight or another alcoholic beverage in excess of one-half of one percent by volume.

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

2. Christ raises two other points on appeal. However, because his first point is dispositive, we need not address those issues.

The facts of this case are almost identical to those addressed in *State v. Perkins*, 773 S.W.2d 237 (Mo.App. S.D.1989). Perkins was a passenger in a vehicle which was stopped by police for speeding. Officers smelled alcohol and observed open alcoholic beverage containers in the vehicle. All of the occupants of the car admitted they had been drinking. Perkins, the only underage occupant, had no alcoholic beverage containers in his hands at the time he was observed by police, but he admitted to having previously consumed beer in the car. He was charged with violations of § 311.325 and § 312.407.[3] He was eventually convicted of possession of intoxicating liquor by a minor under § 311.325. *Id.* at 238. On appeal, the Southern District found there was insufficient evidence from which it could be inferred that the beer consumed by Perkins was "intoxicating liquor." The can labels did not state the alcoholic content of the beer, there was no evidence as to where the beer was purchased, and there was no indication that Perkins or the other occupants of the car were intoxicated. The Southern District held that "[t]he absence of evidence tending to show that the beer contained alcohol in excess of three and two-tenths percent by weight require[d] a reversal of the conviction." *Id.*

 In this case, while Christ admitted to consuming alcohol at the party, no evidence was presented at trial regarding the alcoholic content of the beverage consumed. Although both police officers smelled alcohol on Christ, neither actually saw him with a beverage in his hands. Neither the liquid in cups in the room, nor the contents of the keg in the adjoining room were ever tested. In fact, neither the cups nor the keg were admitted into evidence. No evidence was presented that Christ or any of the other occupants of the two rooms appeared intoxicated, and Christ himself was not tested for blood alcohol content. Indeed, the State candidly conceded at oral argument that the needed evidence was readily available but for whatever reason was not presented. Without any evidence establishing the alcoholic content of the beverage involved, an essential element of the crime charged, the judgment of the trial court is not supported by sufficient evidence, and Christ's conviction must be reversed. *Perkins,* 773 S.W.2d at 238.

All concur.

---

**3.** Section 312.407 provides that a minor "who purchases or attempts to purchase, or has in his possession, any non-intoxicating beer ... is guilty of a misdemeanor."