Deno KING, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41249.

Missouri Court of Appeals,
Western District.

June 20, 1989.

John E. Craig, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and
MANFORD and NUGENT, JJ.

PER CURIAM:

Deno King, the defendant in the criminal case entitled *State v. King*, No. CR86–4911, in the Circuit Court of Jackson County, appeals the denial of his purported Rule 24.035 motion for post-conviction relief. We dismiss the appeal.

On June 28, 1987, defendant King pleaded guilty to second degree murder and was sentenced to fifteen years' imprisonment. On May 31, 1988, the criminal records department of the Jackson County Circuit Court received a letter from the defendant requesting transcripts and all court records pertaining to his case. The letter was apparently forwarded to the sentencing judge who appointed the public defender to represent the defendant in a post-conviction proceeding. On September 12, 1988, appointed counsel filed an "amended" Rule 24.035 motion on the defendant's behalf. The trial court denied the motion without a hearing on September 27, 1988.

Under Rule 24.035(*l*), defendants sentenced before 1988, such as Mr. King, were required to have filed motions for post-conviction relief on or before June 30, 1988. The time limitations contained in Rule 24.035 were valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo.1989) (en banc). Untimely filing constitutes a complete waiver of the right to proceed under Rule 24.035. *Id.* at 696.

The defendant's letter, received on May 31, 1988, was not a Rule 24.035 motion. *See State v. Rector*, 547 S.W.2d 525, 526 (Mo.App.1977). Merely requesting court records, the letter made no claims that the defendant's conviction or sentence violated the United States or Missouri Constitutions, that the court was without jurisdiction to impose sentence, or that the sentence imposed was in excess of the maximum sentence authorized by law; it contained no grounds for vacating, setting aside, or correcting the defendant's conviction or sentence; it substantially failed to comply with the form of Criminal Procedure Form No. 40. Rule 24.035(a), (b).

Therefore, the motion filed on September 12, 1988, although denominated "Amended Motion Under Rule 24.035", was the only motion filed. Sentenced before 1988, the rule required the defendant to file his Rule 24.035 motion on or before June 30, 1988. By failing to timely comply with the filing requirements, the defendant waived his right to avail himself of Rule 24.035. *Day*, at 696.

Because the defendant waived his right to proceed under Rule 24.035, the trial court improvidently entertained the merits of the defendant's motion. The trial court should have dismissed the motion at the outset. Accordingly, we dismiss the appeal. *See Blaine v. State*, 603 S.W.2d 109, 111 (Mo.App.1980).