**Charles SUMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41930.**

Missouri Court of Appeals,
Western District.

Jan. 30, 1990.

Lew Kollias, Columbia, for appellant.

Philip M. Koppe, Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

PER CURIAM.

Charles Suman appeals the denial of his untimely-filed Rule 24.035 motion for post-conviction relief. The state has filed no respondent's brief, electing to stand on its motion to dismiss the appeal pursuant to *State v. Simmons,* 660 S.W.2d 319, 320 (Mo.App.1983).

After pleading guilty to attempted first degree robbery and second degree assault, appellant was sentenced on November 18, 1987, to consecutive terms of imprisonment totaling 13 years. Appellant sought post-conviction relief in a Rule 24.035 motion filed on July 5, 1988. The motion court denied appellant's claims of ineffective assistance of counsel without an evidentiary hearing.

Appellant's brief presents issues related to the denial of his substantive claims. He, however, acknowledges that his Rule 24.-035 motion was untimely filed in violation of Rule 24.035(*l*) which requires persons, such as appellant, who were sentenced before 1988 to file on or before June 30, 1988. Appellant submits, however, that the waiver provision of Rule 24.035 should not apply to him because neither the state nor the motion court requested or granted dismissal on that ground. Appellant further argues that the time limitations imposed by Rule 24.035 violate the right to due process and suspend the right of habeas corpus. Finally, he points out that criminal defendants sentenced after 1988 receive notice of filing requirements pursuant to Rule 29.-07(b)(4), while those sentenced before 1988, as himself, are entitled to no such notice.

■ *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), upheld the time limitations on filing contained in Rule 24.035 as valid and mandatory. Appellant's failure to timely comply with those filing requirements constitutes a complete waiver of any right to proceed under Rule 24.035. *King v. State,* 772 S.W.2d 18, 19 (Mo.App.1989).

■ Appellant's challenges to the constitutionality and fairness of the time constraints were never presented to the motion court and cannot be considered on ap-

peal. *Kinkel v. State*, 775 S.W.2d 579, 580–81 (Mo.App.1989). However, similar arguments have been rejected in other cases. *White v. State*, 779 S.W.2d 571, 573 (Mo. banc 1989); *Hodges v. State*, 779 S.W.2d 646, 647 (Mo.App.1989).

Because appellant waived his right to avail himself of Rule 24.035 by his untimely filing, his motion should have been dismissed. *King*, 772 S.W.2d at 19. Therefore, the appeal is dismissed.