James Dean **SHIPLEY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. WD 41981.

Missouri Court of Appeals,
Western District.

Feb. 27, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and
LOWENSTEIN and BERREY, JJ.

PER CURIAM:

This is an appeal from the denial, without an evidentiary hearing, of appellant's Rule 24.035 motion for post-conviction relief. Appellant contends that he lacked the ca-

pacity to understand his guilty plea proceedings, and therefore his plea of guilty was not knowing or voluntary.

The appeal is dismissed.

Appellant pled guilty to one count of first degree robbery and one count of armed criminal action, and he was sentenced to two concurrent twenty-five year terms of imprisonment. He then filed, *pro se*, an original and first amended Rule 24.035 motion, alleging numerous grounds for relief.

On January 25, 1988, the Public Defender was appointed to represent appellant in his Rule 24.035 action. On May 6, 1988, Assistant Public Defender Timothy Ernst entered an appearance on behalf of appellant. On August 18, 1988, Ernst filed a second amended Rule 24.035 motion which, in addition to preserving appellant's prior claims, also alleged two new grounds for relief. One of the two new grounds was the claim of incapacity which he is now pursuing on appeal. All of appellant's grounds for relief were denied on the merits by the motion court.

As his sole point on appeal, appellant reasserts his claim that his plea was invalid because of his inability to understand the guilty plea proceedings. However, because this particular claim was untimely filed, we dismiss the appeal.

Rule 24.035(f) provides the following deadline for the filing of a Rule 24.035 motion for post-conviction relief:

> Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

Appellant's second amended motion did not meet this statutory deadline. It was filed almost seven months after Ernst made his appearance as appellant's attorney. Appellant's failure to file his second amended motion within the time specified by Rule 24.035(f) constituted a waiver of all grounds for relief which were first present-

ed in said motion. *Batson v. State,* 774 S.W.2d 882, 884 (Mo.App.1989).

Because appellant waived his right to proceed with any claims which originated in his second amended motion, the motion court improvidently entertained those claims on the merits. *King v. State,* 772 S.W.2d 18, 19 (Mo.App.1989). And, because this appeal is grounded on such a claim, we dismiss the appeal. *Id.*

Accordingly, the appeal is dismissed.