**Charles Keith TERRILL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16443.**

Missouri Court of Appeals, Southern District, Division Two.

July 31, 1990.

S. Dean Price, Sp. Dist. Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

Movant, Charles Keith Terrill, appeals from a dismissal after evidentiary hearing, of his Rule 24.035 motion.[1] Movant filed the Rule 24.035[2] motion pro se on December 1, 1988. The motion court appointed counsel for movant on January 25, 1989. Dallas County prosecuting attorney filed an answer to movant's motion and movant filed a response to the prosecutor's answer. Movant's response contained new or different allegations, and the motion court treat-

---

1. References to rules and statutes are to Missouri Rules of Civil Procedure (20th ed. 1989) and RSMo 1986, except where otherwise indicated.

2. Movant, in his motion, incorrectly referred to Rule 29.15 but the trial court correctly treated his motion as brought under Rule 24.035 and this court likewise treats it as Rule 24.035.

ed the allegations in movant's "response" as an amendment to his original pro se motion.

Movant pled guilty to possession of a controlled substance on March 10, 1988. He was sentenced May 16, 1988, to 15 years in the Missouri Department of Corrections. In his sworn Motion For Release found in the legal file, movant states he "has been incarcerated in the Missouri Department of Corrections ... since the sentencing date May 16, 1988." [3]

The motion court found movant did not file his motion within the 90 days of his delivery to the Department of Corrections as required by Rule 24.035(b) and dismissed movant's motion based on the procedural bar contained in Rule 24.035(b). [4]

■ The record clearly shows that movant's motion was not filed within 90 days after he was delivered to the custody of the Department of Corrections as mandated by Rule 24.035(b). The record also clearly shows movant was sentenced after January 1, 1988. Given the time frame in which movant pled guilty, was sentenced, and was confined in the Missouri Department of Corrections, Rule 24.035 provides the exclusive procedure by which this movant could seek post-conviction relief. Rule 24.035(a). Failure to file a motion within the time prescribed by Rule 24.035 constitutes a complete waiver of any right to obtain post-conviction relief. Rule 24.-035(b). The time limits in Rule 24.035 are reasonable, valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), cert. denied, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *Rice v. State*, 779 S.W.2d 771, 775 (Mo.App.1989); *State v. Kittrell*, 779 S.W.2d 652, 656–57 (Mo.App. 1989). Rule 24.035 contains no authority for extension of time limits expressly stat-

ed therein, either by the motion court or this court. *White v. State*, 779 S.W.2d 571, 572 (Mo. banc 1989). The motion court's finding that movant's Rule 24.035 was first filed December 1, 1988, and was not timely filed since it was filed more than 90 days after movant's confinement in the Department of Corrections, is not clearly erroneous. Rule 24.035(b). The mandatory time limitations in Rule 24.035 are reasonable, serve the legitimate interest of avoiding delay in the processing of prisoner's claims and preventing the litigation of stale claims. *Day v. State, supra; State v. Kittrell, supra*, at 656–57. The motion court did not err in dismissing movant's motion following evidentiary hearing.

■ Movant claims the motion court erred in dismissing his Rule 24.035 motion because the time limits in Rule 24.035(b) acted to deny him due process of law by arbitrarily denying post-conviction relief and making no provision for late filing, and, further, because the operation of the time limits in Rule 24.035 served to deny movant his right to seek habeas corpus under the federal and state constitutions.

Movant's claim of the unconstitutionality of Rule 24.035, as it violates his rights to due process under the Fifth Amendment to the United States Constitution, is without merit and is rejected. The time limitations of Rule 24.035 were found to be constitutionally valid in *Day v. State*, 770 S.W.2d at 695.

■ Movant's claim that the time limits of Rule 24.035 act to deny him his constitutional right to seek habeas corpus is also without merit and is rejected. "Rule 24.-035 ... does not operate as an unconstitutional suspension of the writ of habeas corpus." *White v. State, supra*, at 573.

---

**3.** The motion court had taken judicial notice of the underlying criminal file and found in its order the movant was delivered by the Sheriff of Dallas County to the Missouri Department of Corrections on May 18, 1988. This court was not furnished with the underlying criminal file, but in his brief, movant concedes his post-conviction motion was not filed timely within the provisions of Rule 24.035(b).

**4.** An evidentiary hearing was held May 18, 1989. In its order, the motion court found that the "facts alleged by the movant to entitle him to relief are refuted by the record in the case." However, the motion court's order of dismissal was based on the untimely filing of the action. Movant has not briefed the "ex gratia" finding by the motion court concerning the facts. Therefore, any claim of error by movant regarding such finding has been abandoned. *Joyce v. State*, 684 S.W.2d 553, 554 (Mo.App.1984).

This court is constitutionally bound to follow the last controlling decisions of the Supreme Court of Missouri. *Kunkel v. State,* 775 S.W.2d 579, 580 (Mo.App.1989); Mo. CONST. art. V, § 2 (1945). Had movant preserved his constitutional challenges to Rule 24.035 for this court's review, *Day v. State* and *White v. State* required rejection of such challenges.

The record in this case shows no attack by movant on Rule 24.035 in the motion court. Accordingly, such challenges have not been preserved for appellate review. *Suman v. State,* 783 S.W.2d 477, 478 (Mo. App.1990); *Watson v. State,* 778 S.W.2d 662, 664 (Mo.App.1989); *Kunkel v. State, supra,* at 580–81.

The motion court's judgment dismissing movant's motion is affirmed.

PARRISH, P.J., and HOGAN, J., concur.