

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

KEVIN LUCIOUS,                    )        No. ED101006
                                  )
            Appellant,            )        Appeal from the Circuit Court
                                  )        of the City of St. Louis
vs.                               )
                                  )        Hon. David C. Mason
STATE OF MISSOURI,                )
                                  )
            Respondent.           )

### ORDER

On the Court's own motion, the Opinion Summary and Opinion filed in this case on November 18, 2014 is hereby withdrawn and a new Opinion Summary and Opinion is to issue. Appellant's motion for rehearing, or transfer to the Missouri Supreme Court is denied as moot.

So Ordered:

Dated: _January 13, 2015_                    _Kurt S. Odenwald_
                                             Kurt S. Odenwald, Presiding Judge
                                             Division Three

cc:     Robert W. Lundt
        Chris Koster
        Karen L. Kramer



# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| KEVIN LUCIOUS, | ) | No. ED101006 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. David C. Mason |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: |
| Respondent. | ) | January 13, 2015 |

## OPINION

Kevin Lucious appeals the judgment of the motion court dismissing his case on the ground that a 2009 judgment denying his motion to reopen his Rule 29.15 proceedings due to abandonment was final and the motion court was thereafter without any authority to act. We affirm.

Lucious was convicted after a jury trial on one count of first degree murder, one count of first degree assault and two counts of armed criminal action stemming from a 1995 gang shooting. He was sentenced to life without the possibility of parole and three concurrent life sentences. The judgment entered on his convictions and sentence was affirmed in State v. Lucious, 967 S.W.2d 119, 120 (Mo. App. E.D. 1998).[1] Lucious's Rule 29.15 motion was due on September 21, 1998. See Rule 29.15(b) (1998). Privately-retained post-conviction counsel sought an extension of that deadline, which the motion court granted. On October 9, 1998,

---

[1] The record from the direct appeal has been transferred to this case.

Lucious's pro se motion was filed, and an amended motion was filed within a week thereafter. Both motions set forth virtually the same claims of ineffective assistance of trial counsel, but the amended motion added an additional witness whom trial counsel had allegedly failed to investigate. Later, the motion court realized that it had no authority to extend the deadline for filing the original motion and, on the State's motion, dismissed the case. See Clark v. State, 261 S.W.3d 565, 571 (Mo. App. E.D. 2008); Moore v. State, 328 S.W.3d 700, 702-05 (Mo. banc 2010) (failure to file timely original motion is complete waiver of right to seek relief).

In 2009, Lucious filed a motion to have his Rule 29.15 proceedings reopened[2] on the ground that he had been "abandoned" by his post-conviction counsel. Therein, he alleged that counsel told Lucious to mail his Form 40 to counsel, who would take care of filing it with the court. Lucious asserted that counsel acknowledged receiving the form in the mail a week before the filing deadline, but that counsel instead asked for additional time and did not file anything until after the original deadline. Lucious also claimed that the Form 40 motion counsel ultimately filed was different than the one he had sent to counsel and did not include all of the claims Lucious had set forth.

On November 16, 2009, the motion court entered judgment denying that motion, finding that Lucious's claims regarding counsel's conduct were not cognizable abandonment claims. But the court also stated that it had reviewed *ex gratia* the claims of ineffective assistance of trial counsel set forth in the amended Rule 29.15 motion and determined that Lucious would not have been entitled to an evidentiary hearing even if his motions had been timely filed. The motion

---

[2] The nomenclature "motion to reopen" has been denounced repeatedly in recent years by the Supreme Court and should not be used. Instead, movants in Lucious's position should seek leave to file their untimely initial post-conviction motions out of time. Price v. State, 422 S.W.3d 292, 312 n.1 (Mo. banc 2014).

2

court set forth each of Lucious's claims and addressed the factual and legal reasons why the record failed to support those claims.

On December 8, 2009, Lucious filed a "motion to vacate the order and judgment entered November 16, 2009 and to grant a hearing on movant's motion to reopen this Rule 29.15 action filed." On January 27, 2010, the trial court set a hearing "on movant's motion to reopen." The court held that hearing, at which post-conviction counsel apparently admitted that the contentions regarding his untimely filing of the original Rule 29.15 motion were true. Thereafter, the motion court entered an order, this time finding that Lucious was "abandoned" by counsel, granting the "motion to reopen" and giving Lucious leave to file another amended petition for post-conviction relief. Over two years later, the case was set for an evidentiary hearing on that amended motion.

The State sought to dismiss the entire case on the ground that the court's failure to rule on Lucious's motion to vacate the November 16, 2009 judgment rendered that judgment final by operation of law, which was not appealed. Therefore, the State claimed, the court had no authority to reopen the case and order amended motions and hearings. Lucious argued that his motion to vacate was ruled on and the judgment vacated by implication when the court set a hearing. In December of 2013, the motion court concluded that it had not ruled on the motion to vacate—which therefore was deemed overruled ninety days after it was filed—and therefore the court had no authority to act after March 9, 2010. It dismissed the case, and Lucious appeals. We affirm for the following reasons.

Under Rule 81.05, a judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed. Rule 81.05(a)(1). If an authorized after-trial motion is filed and not ruled upon, it is deemed overruled and the judgment becomes final ninety

3

days from the date the motion was filed. Rule 81.05(a)(2)(A). Thus, Lucious's motion to vacate would have an effect on the finality of the November 16, 2009 judgment for purposes of Rule 81.05 only if it was an authorized after-trial motion. A "motion to vacate" is not an authorized after-trial motion, but can be considered so for this purpose if "it places before the trial court allegations of trial court error regarding contested legal or factual issues." Estate of Downs v. Bugg, 348 S.W.3d 848, 858 n.3 (Mo. App. W.D. 2011). Lucious's motion to vacate could be considered an authorized after-trial motion. But the motion court did not rule on that motion within ninety days under Rule 81.05. The only action taken by the court within that ninety-day period—which ended on March 9, 2010—was setting a hearing on the "motion to reopen." This type of action does not extend the time for ruling on an after-trial motion. "A ruling must make some sort of determination in the case." In re Kreutzer, 50 S.W.3d 334, 336 (Mo. App. S.D. 2001). The setting of a hearing resolves nothing and does not foreclose the possibility of a later ruling. Setting this hearing date did not dispose of any issues in the case or determine anything about Lucious's motion to vacate or the November 16, 2009 judgment. At most, the setting of a hearing may indicate that the trial court might reconsider its November 16, 2009 judgment. But that still cannot be considered a ruling, even by implication, because it did not dispose of the issue. See Basham v. Williams, 239 S.W.3d 717, 721-22 (Mo. App. S.D. 2007) (docket entry stating cause taken up, heard, taken under advisement and amended judgment was forthcoming did not extend time for court to rule on after-trial motion, nor was a denial of after-trial motion). Thus, it cannot be deemed a ruling for purposes of Rule 81.05. Id.

For these reasons, the November 16, 2009 judgment denying Lucious's claims of abandonment became final—at the latest—on March 9, 2010, which was ninety days after the

4

motion to vacate was filed but not ruled upon. The motion court properly dismissed the case after realizing its error in proceeding with this case after that point.

Lucious complains it is fundamentally unfair that—through no fault of his own—he had no opportunity to appeal the November 16, 2009 judgment since his counsel, the State and the court proceeded with the case for years as if that judgment had been vacated. By the time the court determined otherwise in December of 2013, it was too late to appeal; thus, Lucious claims, he has been denied an adequate opportunity to have his underlying claims heard. We disagree. Lucious has been given all the opportunities to which he is entitled for having his post-conviction claims for relief heard and has suffered no unfair prejudice by the motion court's erroneous proceedings.

First, it appears Lucious had adequately alleged in his "motion to reopen" that privately-retained post-conviction counsel actively interfered with Lucious's ability to timely file his original Rule 29.15 motion. "[W]here an inmate prepares his initial motion and does all that he reasonably can to ensure that it is filed on time, tardiness resulting solely from the active interference of a third party beyond the inmate's control may be excused and the waiver imposed by Rule 29.15(b) not enforced." Price, 422 S.W.3d at 307. This would not constitute abandonment because that doctrine only applies to the actions of appointed counsel with respect to amended motions. Id. (holding that prior Supreme Court cases recognizing active interference as basis for excusing untimeliness did not expand abandonment doctrine). But it would have entitled him to have the motion court consider the original pro se motion as having been timely filed and proceed to reviewing the merits of, what would then be deemed timely, amended motion. See McFadden v. State, 256 S.W.3d 103, 109 (Mo. banc 2008).[4] There would be no

---

[4] There are limited circumstances in which a court may allow an abandoned movant to file an amended motion, but this was not a case of abandonment and, even if it was, those circumstances are not present here. See Morgan v.

5

need to remand for that remedy in this case, however, because the motion court has already reviewed the merits of Lucious's claims *ex gratia* and found no relief was warranted. See Morgan, 296 S.W.3d at 5. We have conducted our own *ex gratia* review and find no clear error in the motion court's conclusion that the record did not support Lucious's claims of ineffective assistance of trial counsel and would not have warranted an evidentiary hearing even if the motion had been timely filed.

Point denied.

The judgment is affirmed.

_____
ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.

---

State, 296 S.W.3d 1, 5 (Mo. App. E.D. 2009) (where appointed counsel filed no motion nor took any action on behalf of movant).

6