

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| WILLIAM S. MILLER, | ) | No. ED102641 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable John F. Garvey, Jr. |
| | ) | |
| Respondent. | ) | Filed: December 22, 2015 |

## OPINION

William Miller appeals the judgment of the Circuit Court of the City of St. Louis denying, without an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. We affirm.

The facts relevant to the merits of Miller's motion are as follows. Miller was charged with one count of kidnapping and two counts of second-degree domestic assault after beating his girlfriend repeatedly for over an hour. Count II alleged that Miller pummeled the victim. Count III alleged that Miller hit the victim with a chair. In a bench trial, the victim testified that the assault began in the couple's living room, where Miller kicked, punched, and slapped the victim. She attempted to escape twice but Miller caught her by hair and arm. Subsequently, Miller retrieved a wooden chair from the kitchen and hit the victim with the chair. Miller was convicted on all three counts.

The dates relevant to the timeliness of Miller's motion are as follows. Miller was convicted May 15, 2013. On June 6, the court sentenced Miller to concurrent prison terms of twelve years, three years, and three years, respectively. On July 16, Miller filed a consolidated *pro se* motion requesting both a new trial, challenging the sufficiency of the evidence, and post-conviction relief on multiple claims of ineffectiveness of counsel. On September 24, Miller's counsel entered an appearance, requested an additional 30 days to file an amended motion, and moved to stay the post-conviction case pending resolution of Miller's direct appeal. This court affirmed Miller's conviction and sentence and issued its mandate October 28, 2014. State v. Miller, 444 S.W.3d 532 (Mo. App. E.D. 2014). Miller's amended motion was due December 29, 2014. Miller's counsel filed the motion on that date, but it was rejected by the court clerk on December 30 for failure to submit the motion and corresponding request for an evidentiary hearing as separate documents in the court's electronic filing system. Counsel re-filed them as separate documents on January 2, 2015.

In the amended motion, Miller claimed that his trial counsel was ineffective for: (1) failing to object to his convictions on two counts of second-degree domestic assault on the basis of double jeopardy and (2) inducing Miller to waive his Fifth Amendment right not to testify. The motion court denied the motion on the merits without an evidentiary hearing. The timeliness of the motion was not discussed. Miller now appeals and asserts that the motion court clearly erred by denying relief on the basis of counsel's failure to object to Miller's convictions on grounds of double jeopardy.[1]

---

[1] Miller does not appeal the motion court's denial of his second claim based on his Fifth Amendment right not to testify.

As a threshold matter, "we are compelled under <u>State v. Moore</u> to first examine the timeliness of amended motions in each post-conviction case on appeal, even if the issue is not raised by either party." <u>Lomax v. State</u>, No. ED 101809, 2015 WL 3961195, at *1 (Mo. App. E.D. June 30, 2015), citing <u>State v. Moore</u>, 458 S.W.3d 822 (Mo. 2015).

Rule 29.15(g) governs the time limits for filing an amended post-conviction motion. It provides, in pertinent part, that where a movant appeals the judgment sought to be vacated, set aside, or corrected, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 29.15(g).

An amended motion filed beyond the deadline in Rule 29.15(g) can constitute abandonment of the movant. <u>Moore v. State</u>, 458 S.W.3d 822, 826 (Mo. banc 2015). Abandonment by post-conviction counsel extends the time limitations for filing an amended Rule 29.15 motion. <u>Id</u>. Thus, when post-conviction counsel files an untimely amended motion, "the motion court has a duty to undertake an 'independent inquiry ...' to determine if abandonment occurred." <u>Id</u>. If the motion court finds that a movant has not been abandoned, then the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. <u>Id</u>. If the motion court determines that the movant was abandoned by post-conviction counsel's untimely filing of an amended motion, then the court should permit the untimely filing. <u>Id</u>.

If this court determines that post-conviction counsel untimely filed an amended Rule 29.15 motion and the motion court did not conduct an independent inquiry into abandonment,

then we must remand the case to the motion court for such an inquiry. <u>Blackburn v. State</u>, S.W.3d 468 S.W. 3d 910, 913 (Mo. App. E.D. 2015). "It is our duty to enforce the mandatory timelines in the post-conviction rules, but 'the motion court is the appropriate forum to conduct such an inquiry' into abandonment." <u>Id</u>. (quoting <u>Moore</u>, 458 S.W.3d at 826).

Here, the docket sheet indicates that Miller's amended motion, with request for evidentiary hearing, was filed out of time on January 2, 2015. However, the record also suggests, and the State acknowledges, that Miller's counsel timely filed the amended motion on December 29, 2014, but the court clerk rejected it because Miller's request for an evidentiary hearing *on that motion* was part of the same document and not filed as a separate document. Though not briefed by the parties, we find no legal basis for the clerk's action. Nothing in Rule 29.15 dictates that a request for an evidentiary hearing on a Rule 29.15 motion for post-conviction relief must be filed separate from the motion itself. On the contrary, such a request is generally incorporated into the motion. Rule 103 governing electronic filings also provides no basis for the rejection of Miller's December 29 filing. Rule 103.06(f) states that, "if the clerk accepts a document for filing, the date and time of filing entered in the case management system shall be the date and time the electronic filing system received the document." But again, we find no justification for the clerk's refusal to accept Miller's motion in the first instance.

We find instruction in <u>State ex rel. Isselhard v. Dolan</u>, 465 S.W.3d 496 (Mo. App. E.D. 2015). There, the plaintiff electronically filed a petition in proper form, but the clerk rejected it "simply because Plaintiff failed to enter the name of the defendant and check his party status in a box on the electronic filing page." <u>Id</u>. at 499. "All of the parties were properly named on the petition. The name and address of the defendant to be served was contained within the caption and the body of the petition." <u>Id</u>. For guidance, this court relied on <u>State v. Ess</u>, 453 S.W.3d 196

(Mo. 2015). There, a court clerk refused to accept a paper filing because the accompanying affidavit lacked a notary stamp. Counsel asked the court to deem the motion timely, and the court sustained the motion. On appeal, the Missouri Supreme Court opined that "the circuit clerk refused Ess's filing in the absence of some clear prohibition in law, court rule, or specific court order. The circuit clerk was obligated to accept the filing." Id. at 201. Therefore, the circuit court's subsequent order ruling that the motion was timely filed was not an abuse of discretion. Id. Applying the Supreme Court's holding in Ess to an electronic filing, this court in Esselhard opined, "We are aware of no law, court rule, or specific court order authorizing the court clerk to reject the filing of the petition for such a minor technical deficiency." Id. "The petition should have been accepted as of that date" (referring to the timely filing date). Id.

Likewise here, Miller's amended motion, first filed on time on December 29 with the request for evidentiary hearing incorporated therein, did not violate any legal mandate justifying the clerk's rejection. The motion should have been accepted as of December 29 and was therefore timely filed.[2] Thus, we proceed to the merits of Miller's amended motion.

**Standard of Review**

Our review of the denial of post-conviction relief by a motion court is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009). A movant bears the burden of proving his claims by a preponderance of the evidence. Rule 29.15(i). A motion

---

[2] In the interest of judicial economy, the efficient approach is for defense counsel to file a motion in the circuit court to establish the timeliness of the motion despite any minor technical defect. A circuit court's finding of timeliness would obviate remand under Moore and permit appellate review on the merits.

court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court firmly believes that a mistake was made after it has reviewed the whole record. Kuhlenberg v. State, 54 S.W.3d 705, 707 (Mo. App. 2001).

To prove ineffective assistance of counsel, a movant must demonstrate that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and counsel's deficient performance prejudiced him. Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). To satisfy the first prong of this test, a movant must "overcome a strong presumption that counsel provided competent representation by showing 'that counsel's representation fell below an objective standard of reasonableness.'" Id. (quoting Deck v. State, 68 S.W.3d 418, 425 (Mo. banc 2002)). "Reasonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." Id. (citing Cole v. State, 152 S.W.3d 267, 270 (Mo. banc 2004); Knese v. State, 85 S.W.3d 628, 633 (Mo. banc 2002)). To satisfy the second prong of this test, a movant must show that, had counsel not erred, there would be a reasonable probability that the result of the proceeding would have been different. Id. This Court does not need to address both components of the inquiry if the movant makes an insufficient showing on one. Strickland, 466 U.S. at 697; Sidebottom v. State, 781 S.W.2d 791, 796 (Mo. banc 1989).

A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. Rule 29.15(h). Walker v. State, 232 S.W.3d 586, 588 (Mo. App. 2007).

**Discussion**

In his sole point, Miller asserts that his trial counsel was ineffective for failing to object to his conviction on counts II and III as a violation of the double jeopardy clause of the Fifth Amendment. The double jeopardy clause, in addition to protecting defendants from successive prosecutions for the same offense after an acquittal or conviction, also prohibits multiple punishments for the same offense. State v. Heslop, 842 S.W.2d 72, 74 (Mo. 1992). The prohibition against multiple punishments is designed to ensure that the trial court's sentencing discretion is confined to the limits established by the legislature. Id.

Section 556.041 states that a defendant may not be convicted of more than one offense involving a continuing and uninterrupted course of conduct. §556.041(4). Here, Miller was convicted on count II for beating the victim with his hands and feet and on count III for subsequently hitting her with a chair. "In assault cases, separate offenses can arise from a single set of facts each time the defendant forms an intent to attack the victim." State v. Garnett, 298 S.W.3d 919, 923 (Mo. App. E.D. 2009). When a defendant has time to reconsider his actions, each assault separated by time constitutes a separate offense. Id. When a separate *mens rea* is newly formed, the conduct gives rise to an additional crime. State v. Tyler, 196 S.W.3d 638, 641 (Mo. App. W.D. 2006). In Tyler, the defendant was convicted on five counts of domestic assault for separate acts involving different forms of violence in several distinct phases. As relevant here, Tyler punched the victim in the face, left the room to retrieve scissors, and returned to scrape her with the scissors and punch her in the chest. The appellate court upheld the two convictions corresponding to these separate acts, reasoning that the assault was interrupted when Tyler left the room to retrieve the scissors. "In so doing, he clearly demonstrated renewed intent to inflict injury by committing sequential acts…." Id. at 642.

7

Likewise here, Miller committed two separate offenses when he first punched and kicked the victim, interrupted the assault to retrieve a chair from another room, and then with renewed intent returned to hit the victim with the chair. Consequently, and as the motion court concluded, Miller's convictions on both counts II and III did not violate the double jeopardy clause, so any objection by counsel would have been unavailing. Counsel is not ineffective for failing to make non-meritorious objections. <u>Johnson v. State</u>, 369 S.W.3d 87, 92 (Mo. App. W.D. 2012). Point denied.

## Conclusion

The trial court's findings and conclusions are not clearly erroneous. And because Miller's claims are refuted by the record and do not warrant relief, no evidentiary hearing was required. The motion court's judgment is affirmed.

_____
Lisa S. Van Amburg, Chief Judge

Sherri B. Sullivan, P.J., and
Kurt S. Odenwald, J., concur.