

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| JAKIB PROPST, | ) | ED103322 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Francois County |
| v. | ) | 14SF-CC00210 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Respondent. | ) | Filed:  September 20, 2016 |

Jakib Propst ("Movant") appeals the dismissal of his Rule 24.035 motion for post-conviction relief.  We reverse and remand with instructions.

## BACKGROUND

On January 17, 2014, Movant appeared before the plea court in St. Francois County and pled guilty to one count of burglary in the second degree, in violation of Section 559.170. Movant was sentenced to five years' imprisonment, but execution of Movant's sentence was suspended and Movant was placed on five years of supervised probation.  We note Movant's guilty plea was procured via a "group plea."[1]

Just over three months later, on April 25, 2014, Movant's probation was revoked and his five-year-sentence was executed, occasioned by Movant's self-confessed violation of the travel

---

[1] Movant's "group plea" was instituted by the same trial court judge whose practice of conducting "group pleas" was the subject of this court's recent opinion in Miller v. State, 2016 WL 2339049 (Mo. App. E.D. May 3, 2016).

condition imposed by his supervised probation. At Movant's probation revocation hearing, the trial court informed Movant of his right to file a post-conviction relief motion, pursuant to Rule 24.035, and the corresponding time parameters.

On April 30, 2014, Movant was delivered to the custody of the Missouri Department of Corrections ("DOC") and was incarcerated in Camden.

On October 27, 2014, 180 days after Movant's execution of sentence, Movant met with an attorney ("District Defender") employed by the Missouri State Public Defender System ("MSPDS"), and stationed in MSPDS's Farmington Office. During that meeting District Defender provided legal advice and counsel to Movant, advised Movant of his claims for post-conviction relief, and delivered a completed Form 40[2] to Movant for execution. Movant's Form 40 alleged, *inter alia*, that he did not "consent" to the revocation of his probation. Rather, Movant claimed he was eligible for sanction under the Court Ordered Detention Sanction ("CODS") program and should, therefore, be released from prison.[3] Prior to this meeting, Movant was purportedly unaware of any claims he could assert in a motion for post-conviction relief.

Movant executed the completed Form 40 provided to him by District Defender,[4] and District Defender informed Movant that he would file said Form 40 on Movant's behalf. Operating under the false premise Movant's *pro se* post-conviction relief motion was not due until October 28, 2014, District Defender elected not to fax the Form 40 to the courthouse, but, rather, filed the Form 40 the following day. At no time since Movant's execution of sentence

---

[2] A *pro se* motion for post-conviction relief is typically set forth in a "Form 40," which conforms to Form 40 of the Missouri Rules of Criminal Procedure.

[3] CODS is a 120 day program placement within the Division of Adult Institutions as a violation response, pursuant to Section 559.036.4.

[4] District Defender's Farmington Office had completed Movant's Form 40 on Movant's behalf and before the October 27, 2014 meeting.

2

was District Defender or any other employee of the MSPDS appointed by a court or under duty to legally represent Movant; District Defender and the MSPDS voluntarily undertook the above-actions.

Shortly after the filing of Movant's Form 40, an attorney under the employ of MSPDS ("Post-Conviction Counsel") was appointed to represent Movant. Post-Conviction Counsel requested the motion court permit Movant to proceed with his Rule 24.035 post-conviction motion notwithstanding Movant's untimely filing of his *pro se* motion.

After a hearing upon the timeliness and cause of delay regarding Movant's *pro se* motion for post-conviction relief, the trial court dismissed Movant's Rule 24.035 motion.

This appeal follows.

## DISCUSSION

In his sole point on appeal, Movant avers the motion court erred in dismissing his Rule 24.035 post-conviction relief motion, in that the untimeliness of Movant's *pro se* post-conviction relief motion was caused by the active interference of a third-party, beyond Movant's control. Moreover, Movant contends the trial court erred in relying upon and applying Price v. State, 422 S.W.3d 292 (Mo. banc 2014), rather than McFadden v. State, 256 S.W.3d 103 (Mo. banc 2008)

### *Standard of Review*

Appellate review of the motion court's denial[5] of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Pettry v. State, 345 S.W.3d 335, 337 (Mo. App. E.D. 2011); see also Rule 24.035(k). The

---

[5] In setting forth the applicable standard of review in their appellate briefs, both Movant and the State maintain the trial court "denied" Movant's Rule 24.035 post-conviction relief motion. However, the trial court did not "deny" Movant's Rule 24.035 post-conviction relief motion, but rather "dismissed" Movant's motion for lack of jurisdiction. See McBride v. State, 65 S.W.3d 560, 561 (Mo. App. W.D. 2002) ("The issue of timeliness is jurisdictional and must be addressed by this court on appeal."). Whether this is significant or merely a distinction without a difference, we need not decide as the litigants agree on this court's standard of review. We mirror that agreed-to standard of review.

3

motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves this court with a "definite and firm impression that a mistake has been made." Barton v. State, 486 S.W.3d 332, 336 (Mo. banc 2016) (citations omitted).

*Analysis*

Rule 24.035(b) governs the time limits for filing a *pro se* post-conviction motion. Flenoy v. State, 446 S.W.3d 297, 302 (Mo. App. W.D. 2014); see also Rule 24.035(b). In pertinent part, Rule 24.035(b) provides:

> If no appeal of such new judgment or sentence is taken, the motion shall be filed *within 180 days* of the later of:
> (1) The date the person is delivered to the custody of the department of corrections; or
> (2) The date the new judgment or sentence was final for purposes of appeal.

Rule 24.035(b) (emphasis added).

The provisos, including all applicable time parameters, for filing a *pro se* Rule 24.035 post-conviction relief motion have repeatedly been found to be mandatory, valid, and constitutional. Day v. State, 770 S.W.2d 692, 695 (Mo. banc 1989) ("The time limitations contained in Rules 24.035 and 29.15 are valid and mandatory."). Generally, "[f]ailure to file a motion within the time prescribed by Rule 24.035 constitutes a complete waiver of any right to obtain post-conviction relief." Terrill v. State, 792 S.W.2d 710, 711 (Mo. App. S.D. 1990); see also Reynolds v. State, 939 S.W.2d 451, 453 (Mo. App. W.D. 1996) ("[T]he time limit for filing Rule 24.035 motions is strictly enforced and failure to file a Rule 24.035 motion within the time limit completely waives the right to relief under the rule."); Rule 24.035(b) ("Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.").

Recently, a plethora of occasions have arisen throughout the appellate courts of this State to expound and delineate the intricacies of the now notorious narrow exception—referred to as the "abandonment doctrine"—to certain time limits prescribed under Rule 24.035 and Rule 29.15. See, e.g., Barton, 486 S.W.3d at 338 ("[W]hile the precise circumstances constituting abandonment naturally may vary, the *categories* of claims of abandonment long have been fixed: in general abandonment is available when (1) post-conviction counsel takes no action on movant's behalf with respect to filing and amended motion . . . or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.") (emphasis in original) (internal citations and quotation marks omitted); Miller v. State, 478 S.W.3d 530, 533 (Mo. App. E.D. 2015) (a finding of "abandonment" by the motion court extends the time limitations for filing an amended post-conviction motion); Frazee v. State, 480 S.W.3d 442, 445 (Mo. App. W.D. 2016) (if the movant is found to have been abandoned by post-conviction counsel, the court should permit the untimely filing of the amended motion); James v. State, 477 S.W.3d 190, 193 (Mo. App. S.D. 2015). The abandonment doctrine is only applicable, however, "to the actions of *appointed counsel* with respect to *amende*d motions" and has no bearing upon the time limitations imposed on *pro se* post-conviction relief motions. Lucious v. State, 460 S.W.3d 35, 39 (Mo. App. E.D. 2015) (emphasis added); see also Bullard v. State, 853 S.W.2d 921, 922-23 (Mo. banc 1993) (limiting the abandonment doctrine to appointed counsel and the timeliness of amended motions under Rule 24.035(g) and 29.15(g)).

Here, the untimeliness of Movant's motion for post-conviction relief concerns Movant's original ***pro se*** motion, not an amended motion filed by appointed counsel. See Bullard, 853 S.W.2d at 922-23 ("An original motion . . . is relatively informal, and need only give notice to the trial, the appellate court and the State that movant intends to pursue [post-conviction relief]

5

under Rule 29.15 [or 24.035]. As legal assistance is not required in order to file the original motion, the absence of proper legal assistance does not justify an untimely filing."). Thus, in these circumstances, the abandonment doctrine is wholly inapplicable and we decline, yet again, movants' oft-defeated entreaties to expand the abandonment doctrine to encompass untimely filings of *pro se* post-conviction motions. Price, 422 S.W.3d at 306-07 (clarifying, once again, the Supreme Court of Missouri's unwillingness to extend the abandonment doctrine beyond the actions of appointed counsel and amended post-conviction motions).

Nevertheless, beyond the abandonment doctrine, the Supreme Court of Missouri has also recognized an additional and very narrow exception discharging the time limits in which to file a *pro se* post-conviction relief motion under both Rule 24.035(b) and Rule 29.15(b). Specifically, the "active interference exception,"[6] as it is commonly described, excuses the waivers imposed by Rule 24.035(b) and Rule 29.15(b). See, generally, McFadden v. State, 256 S.W.3d 103 (Mo. banc 2008). Pursuant to the "active interference exception," a belated *pro se* post-conviction motion shall be pardoned "where an inmate prepares his initial motion and does all that he reasonably can to ensure that it is filed on time," but the filing of the movant's *pro se* post-conviction motion is, nevertheless, tardy as a result springing "*solely* from the active interference of a third party beyond the inmate's control[.]" Lucious, 460 S.W.3d at 38 (quoting Price, 422 S.W.3d at 307) (emphasis added); see also Barton, 486 S.W.3d at 338 ("Such third-party interference can also constitute a basis for allowing the filing of a new motion for post-conviction relief *by the movant*.") (emphasis in original); Talley v. State, 399 S.W.3d 872, 877 (Mo. App. S.D. 2013) ("In each case, circumstances beyond movant's control prevented the timely filing.").

---

[6] This relatively new exception is sometimes identified as "third-party interference."

6

Although an overdue *pro se* post-conviction relief motion is condoned via the "active interference doctrine," said doctrine is germane only under the "specific factual scenario where counsel overtly acted and such actions prevented the movant's timely filing" or when a third party, outside of the movant's control, interferes with the timely filing.  Price, 422 S.W.3d at 304 n.6 (quoting McFadden, 256 S.W.3d at 109).  Accordingly, the "active interference doctrine" will be applied in "unique circumstances[,]" McFadden, 256 S.W.3d at 109, and "in very rare circumstances[,]" Watson v. State, 2016 WL 720689, *2 (Mo. App. E.D. Feb. 23, 2016) (citations omitted).

Movant contends the "active interference doctrine" is applicable under the facts of this case and invites this court to apply the doctrine so as to permit Movant to proceed with his post-conviction claims.  We find the "active interference doctrine" should be applied to the unique facts of this case.

After Movant's execution of sentence, it is uncontested Movant was delivered to the custody of the DOC on April 30, 2014.  Pursuant to Rule 24.035(b), Movant's *pro se* post-conviction motion was to be filed within 180 days, or by October 27, 2014.  Movant's *pro se* post-conviction motion, however, was not filed until October 28, 2014.  Noticeably, the cause of Movant's tardiness in filing his *pro se* post-conviction relief motion is the focus of this appeal.

The Farmington Office of the "MSPDS" represented Movant in two separate criminal actions—this underlying action, originating in St. Francois County, and another action, originating in Washington County.  Upon probation revocation in Movant's Washington County criminal action, Movant received CODS based upon the same violation report filed in the St. Francois County criminal action.  Movant, however, did not receive CODS in this St. Francois County criminal action upon his probation revocation.

7

Although both of Movant's matters were internally closed by the Farmington Office, on or about October 15, 2014, District Defender, stationed out of the Farmington Office, discovered—via the Washington County Prosecutor's Office—Movant was not to be released from prison due to the sentence Movant received in this St. Francois County criminal action. District Defender believed Movant's continued-confinement was erroneous, and had Movant received CODS in the St. Francois County criminal action, which District Defender asserted Movant was purportedly entitled to, Movant would have been released from prison.

In an effort to rectify this alleged flawed sentencing, District Defender took it upon himself, without being appointed by a court, to assist Movant in filing his *pro se* post-conviction relief motion. On October 27, 2014, District Defender traveled from Farmington to Camden, where Movant was incarcerated.[7] Upon meeting Movant in Camden, District Defender informed Movant of the legal issues to be presented in his post-conviction relief motion and provided Movant a Form 40 (which the Farmington Office had completed) to execute. Before this meeting, Movant was purportedly unaware of any issue that could be pursued in a post-conviction hearing.

Movant executed the Form 40 prepared by the Farmington Office, and District Defender informed Movant that he would file the Form 40 on Movant's behalf. Operating under the false premise Movant's *pro se* post-conviction relief motion was not due until October 28, 2014, District Defender elected not to fax the Form 40, but, rather, file the Form 40 the following day.

Pursuant to *both* Price *and* McFadden, the foregoing factual scenario requires this court to hold "*counsel* overtly acted and such actions prevented the movant's timely filing." Price, 422 S.W.3d at 304 n.6 (quoting McFadden, 256 S.W.3d at 109) (emphasis added). But for District

---

[7] Due to poor weather conditions, what is typically a 10 hour round-trip, required 15 hours of travel time.

Defender's belated filing of Movant's *pro se* post-conviction relief motion, Movant's *pro se* motion would have been timely filed. Movant, within the 180 day time limitation, prescribed by Rule 24.035(b), did "all that he reasonably can to ensure that that [his *pro se* post-conviction relief motion] is filed on time," in that Movant discovered his post-conviction claim, met with District Defender, executed his Form 40, and placed the Form 40 in the trusting-hands of District Defender to file. Lucious, 460 S.W.3d at 38 (quoting Price, 422 S.W.3d at 307) The action of District Defender, a third party, in untimely filing Movant's Form 40 was "beyond the inmate's control[,]" and the tardy filing was a result springing "solely from the active interference" of District Defender. Lucious, 460 S.W.3d at 38 (quoting Price, 422 S.W.3d at 307).

The impetus of our holding, herein, arises almost exclusively by the fact that, although not yet appointed by a court, District Defender "undertook to represent" Movant when District Defender prepared Movant's Form 40, drove 15 hours,[8] "provided legal advice and directed [Movant] to provide the [*pro se* post-conviction] motion directly to [District Defender] for filing." McFadden, 256 S.W.3d at 107. Merely because District Defender had yet to be appointed "is in no way dispositive as to the formation of attorney-client relationship[,]" in that this court "looks to the substantive nature of the contacts within a relationship, regardless of what formal or procedural incidents have occurred to determine whether advice and assistance of [the] attorney is sought and received." Id. (citations omitted). Insomuch as District Defender is deemed Movant's attorney, District Defender's overt act of untimely filing Movant's *pro se* post-conviction relief motion was that which prevented Movant's timely filing. Price, 422 S.W.3d at 304 n.6 (quoting McFadden, 256 S.W.3d at 109). The unique facts of this case are sufficient so as to apply the "active interference doctrine."

---

[8] Certainly, Movant's *pro se* post-conviction motion could have been finalized via fax and telephone in lieu of 15 hours of travel.

The court emphasizes that this opinion—as in all "active interference doctrine" cases—is limited to the specific factual scenario of this matter. If the MSPDS voluntarily elects to implant themselves in the filing of *pro se* post-conviction motions, without being appointed by a court, said interjection by the MSPDS cannot be used as a *per se* justification to apply the "active interference doctrine." Movants have 180 days in which to file their ***pro se*** post-conviction relief motions. Movants should use those days wisely.

Therefore, we find the motion court erred in dismissing Movant's Rule 24.035 post-conviction relief motion. Movant's sole point on appeal is granted, and this matter is remanded to the motion court with instructions to permit Movant to proceed with his post-conviction claim.[9]

## CONCLUSION

The judgment of the motion court is reversed, and the matter is remanded with instructions for further proceedings consistent with this opinion.

_____
Lisa P. Page, Judge

Robert M. Clayton III, P.J. and
Mary K. Hoff, J., concur.

---

[9] Whether Movant is entitled to an evidentiary hearing upon his *pro se* or amended post-conviction relief motions is left to the sound discretion of the motion court upon remand.